[L. A. No. 19132. In Bank. July 10, 1945.]

THE PEOPLE, Appellant, v. ONE 1937 LINCOLN ZEPHYR SEDAN, Defendant; SAMUEL CLAUSER, Respondent.

Robert W. Kenny, Attorney General, and Bayard Rhone, Deputy Attorney General, for Appellant.

O. E. Mark for Respondent.

GIBSON, C. J.—This proceeding was brought under section 52 of the Alcoholic Beverage Control Act (Stats. 1935, p. 1123, and amendments thereto; Deering's Gen. Laws, 1941 Supp.,

p. 2006, Act 3796) to forfeit to the State a taxicab on the ground that the driver thereof violated sections 3 and 51(g) of the act by possessing, transporting and selling alcoholic beverages without a license.

There is no dispute as to the material facts. The evidence discloses that while operating the taxicab the driver sold two bottles of whiskey to a sailor who was riding in the vehicle. The driver was arrested, pleaded guilty, and was fined. The taxicab was impounded and notice of seizure and intended forfeiture was served as required by section 52(b) of the act. The registered owner who operated the taxicab company answered and prayed for the release of the vehicle. The trial court found that the owner was not present when the violation occurred, had no personal connection therewith and had instructed his drivers not to sell or transport intoxicating liquor in the taxicabs. The State has appealed from the ensuing judgment dismissing the forfeiture proceeding and releasing the vehicle to the owner.

Section 3 of the act provides in part that ''Any person violating any provision of this section shall be guilty of a misdemeanor.''

Section 51(g) provides: ''It shall be unlawful for any person to use any automobile or other vehicle to conceal, convey, carry, or transport any alcoholic beverages . . . with the design to evade the excise taxes or license fees imposed by this act; . . . Any automobile or other vehicle used to conceal, convey, carry or transport alcoholic beverages, . . . in violation of this section shall be forfeited to the State of California.''

Under similar forfeiture provisions it has been held that when the owner of an automobile consents to its lawful use by another who illegally operates it to transport or sell narcotics or alcoholic beverages, the owner may not defeat a forfeiture on the ground that he had no knowledge of the violation of the statute. (*People* v. *One 1941 Ford Truck, ante,* p. 503 [159 P.2d 641]; *People* v. *One 1933 Plymouth Auto,* 13 Cal.2d 565 [90 P.2d 799]; *Van Oster* v. *Kansas,* 272 U.S. 465 [47 S.Ct. 133, 71 L.Ed. 354].) However, section 52(i) of the act here involved specifically exempts common carriers and the determinative question is as to the meaning and effect of this exemption.

It is the theory of the State that inasmuch as the taxi-

cab was used in violating the statute, the unlawful act precludes application of the exemption in favor of common carriers. In other words, the State contends that the exemption of common carriers is restricted to those cases where the vehicle is used for legitimate purposes. This argument fails to distinguish between the common carrier and the vehicle operated by the carrier. In the present case the owner of the taxicab business who is also the registered owner of the vehicle is the common carrier. The vehicle is merely the instrumentality through which he, as common carrier, was discharging his functions.

The statute does not purport to limit the exemption in favor of common carriers to acts committed in the vehicles by members of the public, although this is in effect the claim made by the State. If the Legislature had intended to render a vehicle used by a common carrier liable to confiscation if it was being used by the driver to conceal, transport and sell liquor contrary to law, and without the knowledge of the carrier, it would have been a simple matter to have worded the exemption provision accordingly. ■ Moreover, the law does not favor forfeitures and the statute should be strictly construed in favor of the owner. (*People* v. *One 1941 Buick 8,* 63 Cal.App.2d 661, 665 [147 P.2d 401]; *Santos* v. *Dondero,* 11 Cal.App.2d 720 [54 P.2d 764]; 37 C.J.S. 8, § 4(b).)

We express no opinion as to the effect of the exemption in cases where the common carrier participates in the wrongful acts.

■ Our construction of section 52(i) of the act, exempting innocent common carriers from forfeiture of vehicles **wrongfully used by employees in violation of the statute, does** not contravene the provision of section 11 of article I of the state Constitution that all laws shall have a uniform operation, for there are reasonable grounds for exempting common carriers from this particular penalty under circumstances such as here exist. The character, duties and responsibilities of common carriers furnish ample justification for placing them in a separate classification.

The judgment dismissing the forfeiture proceeding and releasing the vehicle to the owner is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.