[No. C004198. Third Dist. May 26, 1988.]

GEORGE M., Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY,
Respondent;
JENNEFER P. et al., Real Parties in Interest.

**COUNSEL**

Guy C. Burns and Chadeayne, Burns & Leachman for Petitioner.

No appearance for Respondent.

William A. Schuckman for Real Parties in Interest.

**OPINION**

**PUGLIA, P. J.**—Real party in interest Jennefer P. has consented to the adoption of her daughter, Allyson, by real parties in interest William and Martha B. who have filed a petition for adoption and a petition to terminate the parental rights of the alleged natural father, petitioner George M. These petitions have been consolidated with an action filed by George M. to determine and establish parental relationship and custody of Allyson.

George M. has filed the instant petition for writ of mandate, prohibition or other appropriate relief, seeking pretrial appellate review of a series of interim orders issued by respondent superior court. With a single exception, we have determined that George M. has failed to demonstrate that relief by extraordinary writ is warranted. The exception concerns respondent court's ruling that, in determining his parental rights, George M. is to be treated as a "natural father," rather than being accorded the rights of a "presumed father."

██ "In defining the rights of unmarried fathers, California's Uniform Parentage Act (Civ. Code, § 7000 et seq.) distinguishes between a 'pre-

sumed father' and one who is merely a 'natural father.'" (*Michael U.* v. *Jamie B.* (1985) 39 Cal.3d 787, 790 [218 Cal.Rptr. 39, 705 P.2d 362].) A "presumed father" and the unmarried mother are "equally entitled to the custody, services and earnings of the unmarried minor. . . ." (Civ. Code, § 197; all further statutory references to sections of an undesignated code are to the Civ. Code.) A child cannot be adopted without the consent of the "presumed father," unless the father's parental rights have been terminated pursuant to a section 232 or section 224 proceeding. (§ 224; *In re Baby Girl M.* (1984) 37 Cal.3d 65, 71-72 [207 Cal.Rptr. 309, 688 P.2d 918].) In a custody dispute between a "presumed father" and nonparents, ". . . an award to the nonparent requires a finding that 'an award of custody to a parent would be detrimental to the child.'" (See *In re B. G.* (1974) 11 Cal.3d 679, 698 [114 Cal.Rptr. 444, 523 P.2d 244], quoting § 4600; accord *Michael U.* v. *Jamie B., supra,* at p. 791; *In re Baby Girl M., supra,* at p. 70.)

On the other hand, "[i]f the natural father . . . claims parental rights, the court shall determine if . . . it is in the best interest of the child that the father retain his parental rights, or that an adoption of the child be allowed to proceed. . . . If the court finds that it is in the best interest of the child that the father should be allowed to retain his parental rights, it shall order that his consent is necessary for an adoption. If the court finds that . . . it is in the child's best interest that an adoption be allowed to proceed, it shall order that the person's consent is not required for an adoption; such a finding terminates all parental rights and responsibilities with respect to the child. Section 4600 does not apply to this proceeding. . . ." (§ 7017, subd. (d)(2).)

■ Section 7004 sets forth the conditions which must be met to qualify as a "presumed father." George M. does not claim that he can fulfill any of those conditions. Rather, he contends that he is more than a mere "natural father" in that a judgment has been entered by the courts of Arizona declaring him to be the natural father of Allyson and Arizona law provides that: "Every child is the legitimate child of its natural parents . . . ." (Ariz.Rev.Stat., § 8-601.)

Subdivision (a) of section 7017 provides: "If a mother relinquishes for or consents to or proposes to relinquish for or consent to the adoption of a child who has (1) a presumed father under subdivision (a) of Section 7004 or (2) *a father as to whom the child is a legitimate child* under prior law of this state or *under the law of another jurisdiction,* the father shall be given notice of the adoption proceeding and have the rights provided under Chapter 2 (commencing with Section 221) of Title 2 of Part 3 of Division 1 of the Civil Code, unless the father's relationship to the child has been previously terminated or determined by a court not to exist or the father has voluntari-

ly relinquished or consented to the adoption of the child." (Italics added.) Respondent court has declined to accord George M. any rights under subdivision (a) of section 7017, having concluded that the word "legitimate," as used in the California statute, is not "controlled" by use of the same term in the Arizona statute.

■ "In construing [the] statute 'we begin with the fundamental rule that a court "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." ' [Citations.] 'An equally basic rule of statutory construction is, however, that courts are bound to give effect to statutes according to the usual, ordinary import of the language employed in framing them.' [Citations.] Although a court may properly rely on extrinsic aids, it should first turn to the words of the statute to determine the intent of the Legislature. [Citations.] 'If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' [Citation.]" (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) Stated otherwise, " '[i]t is a settled principle in California law that "[w]hen statutory language is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it." [Citations.]' This principle is but a recognition that courts ' "must follow the language used and give to it its plain meaning, whatever may be thought of the widsom, expediency, or policy of the act, even if it appears probable that a different object was in the mind of the legislature." ' [Citation.]" (*People* v. *Weidert* (1985) 39 Cal.3d 836, 843 [218 Cal.Rptr. 57, 705 P.2d 380].)

■■ Since the language of subdivision (a) of section 7017 is clear, "its plain meaning should be followed." (See *Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) Under the Arizona statute and pursuant to a judgment entered in that state, Allyson is the legitimate child of George M. Subdivision (a) of section 7017 clearly and unambiguously provides that "a father as to whom the child is a legitimate child . . . under the law of another jurisdiction . . . shall have the rights provided under Chapter 2 (commencing with Section 221) of Title 2 of part 3 of Division 1 of the Civil Code . . . ." As a result George M. is entitled to invoke the rights enunciated in section 221 et seq. Thus, his consent is a prerequisite to adoption unless his parental rights have been terminated. (§ 224; *In re Baby Girl M., supra,* 37 Cal.3d at pp. 71-72.) ■ In addition, his rights are not limited to those of a mere natural father as provided in subdivision (d) of section 7017, and consequently, section 4600 applies to the underlying proceedings and George M. is entitled to custodial preference over nonparents in the absence of a finding that an award of custody to him would be detrimental to Allyson. (Cf. *Michael*

*U.* v. *Jamie B., supra,* 39 Cal.3d at p. 791-792; *In re Baby Girl M., supra,* 37 Cal.3d at pp. 70-75; *In re B. G., supra,* 11 Cal.3d at pp. 696-699.)

Having complied with the procedural requirements delineated in *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], we are authorized to issue a peremptory writ in the first instance. ■ Although "[t]he writ to be issued does not exactly conform to the prayer of the petition; . . . this court is not limited by the prayer, and may grant the relief it deems appropriate." *(Sacramento City Police Dept.* v. *Superior Court* (1984) 156 Cal.App.3d 1193, 1197, fn. 5 [203 Cal.Rptr. 169], citing 5 Witkin, Cal.Procedure (2d ed. 1971) Extraordinary Writs, § 183, p. 3942, disapproved on other grounds in *People* v. *Memro* (1985) 38 Cal.3d 658, 683, fn. 26 [214 Cal.Rptr. 832, 700 P.2d 446].)

Let a peremptory writ of mandate issue directing respondent superior court in the underlying action to afford petitioner George M. the rights of a father as to whom Allyson is a legitimate child as provided in subdivision (a) of Civil Code section 7017. In all other respects, the petition for extraordinary writ relief is summarily denied.

Blease, J., and Carr, J., concurred.

A petition for a rehearing was denied June 22, 1988.