[No. C006480. Third Dist. Nov. 1, 1989.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent;
RISHWAIN, HAKEEM & ELLIS et al., Real Parties in Interest.

COUNSEL

John K. Van de Kamp, Attorney General, Gary W. Schons, Deputy Attorney General, John D. Phillips, District Attorney, and Gerald S. Sampson, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Susan E. Burns, A. Brent Carruth, Al Ellis, Brian H. Getz, Gary G. Hickey, Linda L. Lofthus, Luis Martinez, John D. McMahon and Roger W. Pierucci for Real Parties in Interest.

## OPINION

**PUGLIA, P. J.**—The People, petitioner in this proceeding, filed an amended petition for forfeiture in respondent superior court, alleging that monies paid to certain lawyers and law firms (defense attorneys) by their respective clients were traceable to exchanges of controlled substances, and were thus subject to forfeiture under the provisions of Health and Safety Code section 11470 et seq. Respondent court issued temporary restraining orders enjoining the defense attorneys from transferring, encumbering, hypothecating or otherwise disposing of the monies, and requiring them to show cause why a preliminary injunction should not issue. Thereafter, the matter was heard and respondent court quashed the temporary restraining orders and denied the request for preliminary injunction.

The People then filed the instant petition for writ of mandate, the prayer of which sought an order directing respondent superior court to vacate its order directing the People to release retainer fees to the defense attorneys and to enter a pendente lite order preserving the status quo pursuant to Health and Safety Code section 11492. We denied a request for an immediate stay. Several of the defense attorneys, real parties in interest in this proceeding, filed opposition to the petition. Subsequently, the People modified their request for relief, and now seek "an order from this Court directing respondent [court] to *properly* consider [the People's] application for an injunction." (Italics original.)

We notified the parties that we were considering issuing a peremptory writ in the first instance and invited further opposition to the petition. Defense Attorney Roger W. Pierucci has filed additional opposition.

Recognizing that this court is not limited by the prayer of the petition and may grant the relief it deems appropriate (see *George M.* v. *Superior Court* (1988) 201 Cal.App.3d 755, 760 [247 Cal.Rptr. 330]), we shall issue a peremptory writ directing respondent court to vacate its order denying the People's request for preliminary injunctive relief and to reconsider the application for a preliminary injunction.

In denying the request for injunctive relief, respondent court concluded that there was an adequate remedy at law, and that defense attorneys, as officers of the court, would "do what is proper with those funds." Respondent court thus appears to have embraced defense attorneys' argument that preliminary injunctive relief is not necessary because the People's forfeiture action is essentially an action for money damages and there had been no showing that the defense attorneys could not or would not

adequately respond in money damages in the event of final judgment against them in the forfeiture action.

However, "[i]n conducting this forfeiture proceeding, [respondent] court [is] exercising *in rem* jurisdiction and the currency [is] the *res*. The power of the court derive[s] entirely from its control over the defendant *res*. [Citations.] Release or removal of the *res* from the control of the court [would end] the jursidiction of the court . . . . [Citations.] The only exception to the rule occurs when the *res* is released accidently, fraudulently, or improperly. [Citations.]" (*U.S.* v. *$57,480.05 U.S. Currency and Other Coins* (9th Cir. 1984) 722 F.2d 1457, 1458.) Hence, the forfeiture action is not a suit for money damages, but an action for return of property which, in this case, happens to be money. (See *Floyd* v. *U.S.* (10th Cir. 1988) 860 F.2d 999, 1005.) In order to preserve such assets, the trial court may restrain the use of and restrict control over the assets to protect the People's right to possession when and if their claim is vindicated at trial of the forfeiture action. (See *U.S.* v. *Bissell* (11th Cir. 1989) 866 F.2d 1343, 1349.)[1] Health and Safety Code section 11492 expressly authorizes the issuance of "pendente lite orders to preserve the status quo of the property alleged in the petition for forfeiture" if "such an order is necessary to preserve the property, . . . and . . . there is probable cause to believe that the property alleged in the forfeiture proceedings are proceeds and property interests forfeitable under subdivision (e) or (f) of Section 11470." (Stats. 1983, ch. 948, § 22, p. 3414.)

Applying these standards, we conclude that respondent court improperly denied the People's application for a preliminary injunction enjoining the defense attorneys from transferring, encumbering, hypothecating or otherwise disposing of the subject money. Respondent court did not afford the People an opportunity to demonstrate that there was probable cause to believe that the subject money was forfeitable. Rather, respondent court found there was an adequate remedy at law, relying on the unverified statements of the defense attorneys to the effect they could respond in money damages upon entry of a final judgment for the People in the forfeiture action. In the absence of any competent evidence establishing that

[1] "Although we are not bound by these federal decisions, they are instructive and entitled to great weight." (*Wightman* v. *Franchise Tax Board* (1988) 202 Cal.App.3d 966, 974 [249 Cal.Rptr. 207], citing *People* v. *Bradley* (1969) 1 Cal.3d 80, 86 [81 Cal.Rptr. 457, 460 P.2d 129]; accord, *People* v. *Burton* (1989) 48 Cal.3d 843, 854 fn. 2 [258 Cal.Rptr. 184, 771 P.2d 1270].) These federal authorities are particularly persuasive since the Legislature amended the California forfeiture statutes to bring them in line with corresponding federal statutes. (See *People* v. *Superior Court* (*Clements*) (1988) 200 Cal.App.3d 491, 497 [246 Cal.Rptr. 122]; cf. *People* v. *Superior Court* (*Moraza*) (1989) 210 Cal.App.3d 592, 598 [258 Cal.Rptr. 499].)

there was no need for preliminary injunctive relief in order to preserve the status quo of the subject money, respondent court should not have denied the application for a preliminary injunction on the ground that the defense attorneys were officers of the court who would do what was proper with the funds.

Accordingly, we shall direct respondent court to vacate its order and to reconsider the People's application for preliminary injunctive relief. Upon reconsideration, respondent court should issue a pendente lite order if such an order is necessary to preserve the status quo of the subject money and if there is probable cause to believe that the subject money is forfeitable. (Health & Saf. Code, § 11492.) This determination obviates the need to consider other issues presented by the parties. Parenthetically, we note that there is no Sixth Amendment impediment to issuance of a preliminary injunction. (*Caplin & Drysdale* v. *United States* (1989) 491 U.S. 617 [105 L.Ed.2d 528, 109 S.Ct. 2646, 2667.]; *United States* v. *Monsanto* (1989) 491 U.S. 600 [105 L.Ed.2d 512, 109 S.Ct. 2657]; *People* v. *Superior Court* (*Clements*), *supra,* 200 Cal.App.3d 491, 498-499.)

Having complied with the procedural requirements delineated in *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], we are authorized to issue a peremptory writ of mandate in the first instance.

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order denying the People's request for preliminary injunctive relief, and to reconsider the application for a preliminary injunction.

Carr, J., and Marler, J., concurred.