[No. F014359. Fifth Dist. May 2, 1991.]

JOHN H. BACA, Plaintiff and Appellant, v.
DAVID D. MINIER, as District Attorney, etc., Defendant and
Respondent.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication
with the exception of all of part I but the first sentence of the first paragraph thereof and part
V.

1254

## COUNSEL

Wylie, McBride, Jesinger & Sure, Ronald L. Ruiz and Tim Provis for Plaintiff and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, W. Scott Thorpe and David A. Rhodes, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**MARTIN, J.**—This is a civil forfeiture proceeding brought by the People pursuant to Health and Safety Code section 11470 et seq.[1]

On March 3, 1989, officers of the Madera County Sheriff's Department executed a search warrant at the home of appellant, John H. Baca, and his wife. They seized personal property valued at $64,500 pursuant to the forfeiture provisions of the Health and Safety Code. Appellant and his wife were personally served with notice of the seizure that same day. On March 17, 1989, more than 10 days after receiving actual notice, appellant filed a verified claim of interest in the superior court.

On April 26, 1989, officers executed another search warrant on appellant's home, seized additional property valued at $25,000 and posted notice at appellant's residence.

---

[1] All statutory references are to the Health and Safety Code unless otherwise indicated.

A notice to interested parties of seizure pursuant to section 11470 and notice of action pursuant to section 11488.4, subdivision (j) was left in plain view in appellant's residence. The notice was dated May 3, 1989. A telephone call was placed to the law offices of Mr. Ron Ruiz who acted as attorney for appellant and advised that office of efforts to serve both appellant and his wife with personal notice of the seizure of their personal property.

On May 11, 1989, appellant and his wife signed a claim pursuant to section 11488.5 to an interest in their property seized on April 26, 1989. This claim was received by the district attorney's office on May 15, 1989. On May 24, appellant and his wife filed a supplemental claim pursuant to section 11488.5 to an interest in the property seized on April 26, 1989.

Appellant filed a motion to return property pursuant to section 11488.4, subdivision (g)(2), on May 12, 1989.

On May 15, 1990, the district attorney filed declarations of forfeiture pursuant to section 11488.4, subdivision (j), in superior court as to both lots of personal property seized from Mr. Baca.

The Madera County District Attorney filed a petition for forfeiture in superior court on May 30, 1989, claiming jurisdiction under section 11488.4, subdivision (a). On that same date, the district attorney filed a written request to continue the forfeiture hearing until the conclusion of the criminal case against appellant. This request was granted on June 13, 1989.

On June 6, 1990, appellant filed a petition for writ of mandate in the Madera County Superior Court seeking to quash the district attorney's nonjudicial forfeiture. The district attorney replied to the petition with a written memorandum. The matter was heard on June 25, 1990, and the court denied the petition via a memorandum of decision dated July 6, 1990.

A timely notice of appeal was filed on July 30, 1990. Counsel also filed a petition for writ of supersedeas in this court on the same date. Appellant's request for a stay was denied as moot when the superior court issued a stay order on August 9, 1990.

On August 9, 1990, appellant was sentenced on the related criminal charges.

## FACTS

Since there was not a forfeiture hearing, there are no judicially determined facts on the merits of forfeiture.

In its order regarding the writ of mandate, the lower court concluded it lacked in rem jurisdiction due to the forfeiture of the property seized on March 3, 1989. The lower court held it was forfeited on April 26, 1989, and, accordingly, the lower court could not "rule on the matter." The court went on to make a number of findings. The court found that a claim had been filed on May 11, 1989, and that this was beyond the 10-day filing deadline from receipt of the notice of seizure and was thus not timely filed.[2]

The lower court also found that the property seized was of a value of less than $100,000 and that notice was properly given. The failure of appellant to file a proper claim allows the declaration of forfeiture without presentation of evidence as to probable cause for seizing the property.

The lower court also determined that due to a lack of a timely filed claim and the losing of in rem jurisdiction, the forfeiture would "stand."

DISCUSSION

I. WHETHER FORMER SECTION 11488.4, SUBDIVISION (j) IS UNCONSTITUTIONAL INSOFAR AS IT PERMITS FORFEITURE WITHOUT ENTITLING APPELLANT TO A JURY TRIAL

Sections 11470-11489 set forth a detailed procedure for the seizure of property connected with and proceeds traceable to unlawful drug transactions. . . .*

. . . . . . . . . . . . . . . . . . . . .*

II. WHETHER THE FILING OF A FORFEITURE PETITION PURSUANT TO THIS STATUTE DIVESTS THE DISTRICT ATTORNEY OF HIS AUTHORITY TO SEIZE PROPERTY WITHOUT A HEARING

In this case, the district attorney filed a forfeiture petition pursuant to section 11488.4, subdivision (a), which then provided:

"(a) Except as provided in subdivision (j), if the Department of Justice or the local governmental entity determines that the factual circumstances do warrant that the moneys, negotiable instruments, securities, or other things

---

[2] The May 11 date is the date of the signatures on the claim received and file stamped May 15, 1989. The lower court's error in this regard is academic, however, as will be explained.

*See footnote, *ante*, page 1253.

of value seized or subject to forfeiture come within the provisions of subdivisions (a) to (g), inclusive, of Section 11470, and are not automatically made forfeitable or subject to court order of forfeiture or destruction by another provision of this chapter, the Attorney General or district attorney shall file a petition of forfeiture with the superior court of the county in which the defendant has been charged with the underlying criminal offense or in which the property subject to forfeiture has been seized or, if no seizure has occurred, in the county in which the property subject to forfeiture is located. If the petition alleges that real property is forfeitable, the prosecuting attorney shall cause a lis pendens to be recorded in the office of the county recorder of each county in which the real property is located.

"A petition of forfeiture under this subdivision shall be filed within one year of the seizure of the property which is subject to forfeiture, or within one year of the filing by the Attorney General or district attorney of a lis pendens or other process against the property, whichever is earlier."

Respondent's petition for forfeiture filed pursuant to section 11488.4, subdivision (a) was filed on May 30, 1989. Appellant contends that since he had already filed a motion to return property at the time the petition was filed, the terms of the statute required a hearing. Appellant cites section 11488.4, subdivision (g).[6]

At the time of the seizure and filing of the petition, said subdivision of section 11488.4 provided:

"(g)(1) No sooner than 10 days after a petition is filed pursuant to Section 11488.4, a claimant, who alleges standing based on an interest in the property which arose prior to the seizure or filing of the petition for forfeiture, whichever occurs first, may move the court for the return of the property named in the claim on the grounds that there is not probable cause to believe that the property is subject to forfeiture pursuant to Section 11470, or is not automatically forfeitable or subject to court order of forfeiture or otherwise subject to destruction by another provision of this chapter. The showing of probable cause may be supported by evidence, prior judicial testimony, deposition, affidavit, or declaration. If the court determines that there is not probable cause to believe that the property is subject to

---

[6]The text of said subdivision, operative until January 1, 1989, read:

"(g) Nothing contained in this chapter shall preclude a person, other than a defendant, claiming an interest in property actually seized from moving for a return of property pursuant to Section 1538.5, 1539, or 1540 of the Penal Code if that person can show standing by proving an interest in the property not assigned subsequent to the seizure or filing of the forfeiture petition."

Interestingly, the section was again amended and this language will become operative again January 1, 1994. (Stats. 1987, ch. 924, § 4, eff. Sept. 22, 1987, operative Jan. 1, 1994.)

forfeiture it shall order the property returned to the owner thereof unless the property is otherwise lawfully held.

"(2) If a petition is filed pursuant to Section 11488.4 and there is an underlying or related criminal action and the defendant has not pled guilty or nolo contend[ere], a defendant who is a claimant alleging an interest in the property in the related forfeiture proceeding shall move, exclusively pursuant to Section 1538.5 of the Penal Code, for the return of the property on the grounds that there is not probable cause to believe that the property is forfeitable pursuant to Section 11470, or is not automatically made forfeitable or subject to court order of forfeiture or destruction by another provision of this chapter.

"The motion may be made at the preliminary examination or subsequent thereto. If made subsequent to the preliminary examination, the Attorney General or district attorney may submit the record of the preliminary hearing to establish that probable cause exists to believe that the property is subject to forfeiture. If the court determines that there is not probable cause to believe that the property is subject to forfeiture it shall order the property returned to the owner thereof unless the property is otherwise lawfully held."

Appellant contends that because no hearing was held, the judgment of the superior court upholding summary forfeiture was contrary to statute and, thus, in excess of its jurisdiction. Appellant argues that since the statute does not permit the district attorney to seek both a hearing under section 11488.4, subdivision (a) and summary forfeiture under section 11488.4, subdivision (j), the court should strictly construe the forfeiture statutes in favor of the person against whom the forfeiture is sought (*People v. One 1937 Lincoln etc. Sedan* (1945) 26 Cal.2d 736, 738 [160 P.2d 769]) and not permit the district attorney to so proceed. Appellant asks that the judgment be reversed because he was never afforded the so-called statutorily mandated hearing.

Section 11488.4, subdivision (j) provides for a nonjudicial forfeiture proceeding where the amount of the property is under a certain dollar amount and no adverse claims have been timely filed by any interested party. Where the property involved is real estate or exceeds $100,000, or where an adverse claim is timely filed, a judicial forfeiture proceeding is necessary. In the instant case, the personal property was valued at less than $100,000, and, as respondent points out, the criterion to determine whether the proceedings would go forth as a judicial or nonjudicial forfeiture action depended solely upon whether an adverse claim was timely filed. Respondent concedes that if appellant had followed the appropriate procedure of timely filing a claim, appellant would be entitled to an adjudication of any factual questions that might have been raised concerning the property. (*United*

*States* v. *$8,850*, [1983] 461 U.S. 555, 558 [76 L.Ed.2d 143, 148, 103 S.Ct. 2005].)

We note that at all times pertinent herein, section 11488.4, subdivision (g)(2) required that a claimant who has pleaded not guilty in an underlying or related criminal action and alleges an interest in the property in the related forfeiture proceeding *"shall* move, *exclusively* pursuant to Section 1538.5 of the Penal Code, for the return of the property . . . ." (Italics added.) This procedure as then required by subdivision (g)(2) was not followed by the appellant.

Respondent also states:

"The record does not reveal why the district attorney filed this petition [pursuant to subdivision (a)]. Perhaps it was out of an abundance of caution in response to appellant's tardy claims so as to preserve that procedure if it was somehow needed. In any case, the district attorney did not go foreward [*sic*] with the petition in superior court."

There is nothing in the pertinent section which suggests that the filing of a petition pursuant to section 11488.4, subdivision (a) would act to deprive the district attorney of his authority and, indeed, his duty to declare the property forfeited pursuant to section 11488.4, subdivision (j), assuming arguendo it was properly determined that no claims to the subject property were timely filed. Therefore, although the district attorney filed a petition pursuant to subdivision (a), such action was, in effect, a nullity and did not preclude the People from following the procedures as outlined in subdivision (j).

## III. WHETHER THE DISTRICT ATTORNEY OR THE SUPERIOR COURT HAD JURISDICTION OVER THE FORFEITURES OF VEHICLES AND/OR WEAPONS

■ Appellant contends that the superior court did not have authority to permit the district attorney to forfeit appellant's vehicles and weapons because those items were not specifically included within the various statutes regulating forfeiture.

Section 11470 specifies the property which may be forfeited. According to appellant, with respect to vehicles, only those used to facilitate possession of specified amounts of schedules I and II narcotics are subject to forfeiture. (See subd. (e) of § 11470.) Here, the superior court found as a fact that "a Schedule III substance was the only drug found . . . ." Thus, according to the lower court, the forfeiture of the vehicles was unauthorized. Furthermore, the weapons seized on March 3, 1989, were unauthorized. An amendment in 1989, effective January 1, 1990, authorized forfeiture of weapons.

The superior court determined that the seizure of the weapons for forfeiture purposes violated the ex post facto provisions of the state and federal Constitutions. However, the court also determined that it lacked in rem jurisdiction over the subject property and therefore was without power to return these items to appellant.

Respondent counters that section 11470 sets forth the property which is subject to forfeiture and that subdivision (f) of that section allows for the forfeiture of items not specifically enumerated but which would be considered "'other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, or securities, *or other things of value* used or intended to be used to facilitate any violation of [California's drug laws].'" (Italics added.)[7]

Section 11470, as it read in 1989, the time of the seizures in question, stated in pertinent part as follows:

"The following are subject to forfeiture:

". . . . . . . . . . . . . . . . . . . . . . .

"(e) The interest of any registered owner of . . . any vehicle, which has been used as an instrument to facilitate the possession for sale or sale of . . . 14.25 grams or more of a substance containing a Schedule I controlled substance . . . or 14.25 grams or more of a substance containing a Schedule II controlled substance. . . .

"(f) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, or securities used or intended to be used to facilitate any violation of Section . . . 11378 . . . of this code . . . ." However, because only a schedule III substance was found in the search of appellant's residence, subdivision (e) is not applicable to the instant case.

The legislation was amended in 1987 and deleted "other things of value" preceding "used or intended to be used." (Historical and Statutory Notes, 40 West's Ann. Health & Saf. Code (1975 ed.) § 11470, p. 141.) That

---

[7]Respondent quotes section 11470 in pertinent part as it appeared in the code prior to 1987. Respondent does not refer to the language of the section as it appeared at the time of the seizure nor is it mentioned in the brief that any legislative amendments have occurred.

amendment, not being an urgency measure, would have become operative January 1, 1988. Thus, the Legislature specifically omitted any items other than "all moneys, negotiable intruments, or securities, which were used or intended to be used to facilitate any violation of" California drug laws.

Respondent contends that the vehicles and weapons seized here fall within the language of former section 11470, subdivision (f) which includes "other things of value furnished or intended to be furnished by any person in exchange for a controlled substance" and are, therefore, forfeitable. While there was no specific evidence offered that appellant's vehicles and weapons were furnished or intended to be furnished by any person *in exchange* for a controlled substance, there is a strong inference in the record that these items consist of "proceeds traceable to such an exchange."

Thus, it is our view that even though vehicles (except as used to facilitate a sale) and weapons were not specifically enumerated in section 11470, they constitute "proceeds" subject to forfeiture in the instant case depending upon proof. Therefore, assuming no timely claim was filed by appellant, the district attorney was authorized by section 11488.4, subdivision (j) to declare them forfeited.

## IV. WHETHER THE SUPERIOR COURT HAD IN REM JURISDICTION OF THE SUBJECT PROPERTY

■ The superior court determined it lacked jurisdiction over the seized property because it had been removed from its jurisdiction. Appellant complains that there was no evidence to support this conclusion.

Respondent counters that in the instant case, the property was not before the superior court, i.e., the property was not within the custody and jurisdiction of the court and it could not exercise authority over the res. Respondent argues the district attorney transferred title to the property to the State of California which transfer was evidenced by his declaration of forfeiture on May 15, 1990.

The forfeiture prescribed by the Health and Safety Code is in rem. (*People* v. *One 1941 Chevrolet Coupe,* [1951], 37 Cal.2d 283, 286 [231 P.2d 832].) The effect of such a forfeiture is to transfer the title to the property from the owner to the state. (*Ibid.*)

This issue was analyzed in *People* v. *Superior Court* (*Rishwain, Hakeem & Ellis*) [1989] 215 Cal.App.3d 1411 [264 Cal.Rptr. 28].

"However, '[i]n conducting this forfeiture proceeding, [respondent] court [is] exercising *in rem* jurisdiction and the currency [is] the *res*. The power of

the court derive[s] entirely from its control over the defendant *res*. [Citations.] Release or removal of the *res* from the control of the court [would end] the jurisdiction of the court . . . . [Citations.] *The only exception to the rule occurs when the res is released accidentally, fraudulently, or improperly.* [Citations.]' (*U.S.* v. *$57,480.05 U.S. Currency and Other Coins* (9th Cir. 1984) 722 F.2d 1457, 1458.) Hence, the forfeiture action is not a suit for money damages, but an action for return of property which, in this case, happens to be money. (See *Floyd* v. *U.S.* (10th Cir. 1988) 860 F.2d 999, 1005.) In order to preserve such assets, the trial court may restrain the use of and restrict control over the assets to protect the People's right to possession when and if their claim is vindicated at trial of the forfeiture action. [] (See *U.S.* v. *Bissell* (11th Cir. 1989) 866 F.2d 1343, 1349.) [] Health and Safety Code section 11492 expressly authorizes the issuance of 'pendente lite orders to preserve the status quo of the property alleged in the petition for forfeiture' if 'such an order is necessary to preserve the property, . . . and . . . there is probable cause to believe that the property alleged in the forfeiture proceedings are proceeds and property interest forfeitable under subdivision (e) or (f) of Section 11470.' (Stats. 1983, ch. 948, § 22, p. 3414.)" (*People* v. *Superior Court* (*Rishwain, Hakeem & Ellis*), *supra*, 215 Cal.App.3d at p. 1414, italics added.)

The California Supreme Court has specifically addressed the nature of a forfeiture proceeding under the Health and Safety Code and concluded as follows: "A statutory or legislative forfeiture is *in rem* against the property itself. . . . The forfeiture [of an automobile] prescribed by the Health and Safety Code is *in rem*." (*People* v. *One 1941 Chevrolet Coupe, supra*, 37 Cal.2d 283, 286.)

"It is axiomatic that *in rem* jurisdiction exists in an action only where the subject matter of the action . . . is within the jurisdiction of the court in which the action lies." (*American Bank of Wage Cl.* v. *Registry of Dist. Ct. of Guam* (9th Cir. 1970) 431 F.2d 1215, 1218.) Stated another way, the prerequisite to a court's exercise of in rem jurisdiction over property being subjected to a forfeiture proceeding is the court's actual or constructive possession of the property. " 'It has been decided over and over again that the basic fact to the exercise of the court's jurisdiction under statutes authorizing the condemnation of outlawed property is its actual or constructive possession of the property.' " (*People* v. *$6,500 U.S. Currency* (1989) 215 Cal.App.3d 1542, 1546 [264 Cal.Rptr. 294], quoting *Strong* v. *United States* (lst Cir. 1931) 46 F.2d 257, 260.)

Thus, having reached this point in our discussion of the issues raised herein by appellant, the remaining question is whether the res was released improperly. If the res was released improperly such a release or removal of

the res from the control of the court would not end the court's jurisdiction. (*U.S.* v. *$57,480.05 U.S. Currency and Other Coins* [1984] 722 F.2d 1457, 1458; *People* v. *One 1941 Chevrolet Coupe, supra,* 37 Cal.2d 283, 302; *People* v. *Superior Court* (*Rishwain, Hakeem & Ellis*), *supra,* 215 Cal.App.3d 1411, 1414.)

As respondent points out, section 11488.4, subdivision (j) provides that the district attorney may administratively order forfeiture of personal property valued at less than $100,000 but must provide notice of the proceedings under said subdivision. The notice must include instructions for filing a claim with the Attorney General or the district attorney pursuant to section 11488.5 and the time limits for filing such claim. (§ 11488.4, subd. (j)(5).)

In *1987*, section 11488.5 provided:

"(a)(1) Any person claiming an interest in the property seized pursuant to Section 11488 may, *at any time within 30 days from the date of the first publication of the notice of seizure, or within 10 days after receipt of actual notice*, file with the superior court of the county in which the defendant has been charged with the underlying criminal offense a verified claim stating his or her interest in the property seized. A verified copy of the claim shall be given by the claimant to the Attorney General or district attorney as appropriate.

"(2) Any person who claims that the property was assigned to him or to her prior to the seizure of the property under this chapter shall file a claim with the court pursuant to Section 11488.5 declaring an interest in that property and such interest shall be adjudicated at the forfeiture hearing. The property shall remain under control of the law enforcement or prosecutorial agency until the adjudication of the forfeiture hearing." (Italics added.)

With insignificant modification, this language was quoted in the "Notice to Interested Parties of Seizure" which was signed by the Madera County Sheriff as to the two seizures of appellant's personal property on March 3, 1989, and April 26, 1989, respectively. This is also the language that respondent relies upon in its brief. Appellant argued below that the language requiring notice "at any time within 30 days from the date of the first publication of the notice of seizure, or within 10 days after receipt of actual notice" is ambiguous and should therefore be strictly construed against the party effectuating the seizure. What the parties do not point out, is that our Legislature apparently agreed the statute was ambiguous and amended this section in 1987, effective January 1, 1988, to read:

"(a)(1) Any person claiming an interest in the property seized pursuant to Section 11488 may, at any time within 30 days from the date of the first publication of the notice of seizure, *if that person was not personally served or served by mail*, or within 10 days after receipt of actual notice, file with the superior court of the county in which the defendant has been charged with the underlying or related criminal offense or in which the property was seized or, if there was no seizure, in which the property is located, a verified claim stating his or her interest in the property. A verified copy of the claim shall be served by the claimant on the Attorney General or district attorney, as appropriate." (Italics added.)

Although the Legislature amended the section again in 1988, the clarifying language noted above was not changed.

Statutes imposing forfeitures are not favored and are to be strictly construed in favor of the persons against whom they are sought to be imposed. (*People* v. *One 1937 Lincoln etc. Sedan, supra,* 26 Cal.2d 736, 738; *People* v. *$6,500 U.S. Currency, supra,* 215 Cal.App.3d 1542, 1547.) Thus, we must agree with appellant's argument below that the notice provision as quoted in the subsection prior to the 1987 amendment was ambiguous on its face, and, furthermore, it is noted that the language was amended to rectify the ambiguity and the notice actually served on appellant did not contain the language of section 11488.5 as it read at the time of the seizure in question. Therefore, the notice given appellant was inadequate on its face and thus improper.

Appellant's claim to an interest in the property seized on March 3, 1989, was filed on March 17, 1989, i.e., more than 10 days after the service of actual notice but within 30 days of the date the notice was first published. The ambiguous notice of seizure provided to appellant indicated that a claim may be filed within 10 days of actual notice or 30 days from the first date of publication. It did not state any qualifying language as to whichever time period may expire first or whichever period of time was shortest or greatest. Therefore, this record supports the conclusion that appellant complied with the claim requirements provided in this notice.

Appellant filed a claim to the property seized on April 26, 1989, and on May 24, 1989. Contrary to respondent's assertion, no evidence appears anywhere in this record that the notice of seizure dated May 3, 1989, regarding the property seized on April 26, 1989, was actually served on the appellant. Only a bare assertion of actual or personal service appears in a summary of facts in a memorandum of points and authorities. No supporting evidence or declaration or report of any kind supports this claim. The declaration of forfeiture indicates that a notice of the seizure was published

in the Madera Daily Tribune initially on May 30, 1989. Therefore, appellant timely filed his claim to the subject property prior to any deadline set out in the notice of seizure.

Based on this series of errors, it seems clear that the res was released improperly. That being an exception to the general rule, the res was never removed from the control of the superior court nor was the lower court's jurisdiction terminated. A contrary result would permit the district attorney to file a petition of forfeiture—claiming the notice requirements have been met without actually adhering to them (as is the case here)—and the defendant would be without recourse in the superior court to recover illegally seized property because title to the property had been transferred to the state. Transfer of title would thus insulate the district attorney and deny a defendant due process of law.

V. WHETHER THE CLAIMS WERE TIMELY FILED AND WHETHER APPELLANT SHOULD BE RELIEVED FROM THE EFFECTS OF HIS DEFAULT*

. . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is reversed and the matter remanded to the trial court with directions to set a court date for a forfeiture hearing as required by law and in accordance with the findings and conclusions expressed herein, with notice to all parties. Appellant is awarded costs of appeal.

Best, P. J., and Thaxter, J., concurred.

---

* See footnote, *ante*, page 1253.