Filed 5/6/14  P. v. Cura CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>FELIX CURA, JR.,<br><br>        Defendant and Appellant. | A135567<br><br>(Solano County<br> Super. Ct. No. FCR287062) |

Defendant Felix Cura, Jr. appeals from a judgment after a conviction for the felony offense of committing a lewd act on a child under the age of 14 (Pen. Code, § 288, subd. (a).[1])  The court suspended imposition of sentence of the middle term of six years in state prison and placed Cura on formal probation for four years.  As a result of his conviction, Cura is required to register as a sex offender.  (§ 290, subd. (c).)  As part of "the terms and conditions" of probation, the court issued a "no contact" order requiring Cura "not to reside within 2000 feet of any public or private school, or park where children regularly gather," pursuant to section 3003.5, subdivision (b) (§ 3003.5(b), hereinafter also referred to as the statutory residency restriction).

Cura argues, and the Attorney General concurs, that the statutory residency restriction should be stricken because section 3003.5(b) applies only to parolees, and not probationers.  We agree with the parties, and shall remand the matter to the trial court with directions to strike the statutory residency restriction as a term of probation.

---

[1]     All further unspecified statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On November 28, 2011, the district attorney filed an information charging Cura with one count of committing a lewd act on a child under the age of fourteen in violation of section 288, subdivision (a). After a jury trial, Cura was convicted of the sole count in the information. Because the underlying facts and trial proceedings are not necessary to resolve the sentencing issue raised on appeal, we do not recount them.

On May 15, 2012, the trial court suspended imposition of sentence of the middle term of six years in state prison and placed Cura on formal probation for four years. As a result of his conviction, Cura was required to register as a sex offender pursuant to section 290. He was also ordered to serve 210 days in county jail and granted 45 days credit for time served. In addition to various other "terms and conditions" of probation, the court orally announced at sentencing that "[t]here is a requirement not to reside within 2000 feet of any public or private school." In the court's written minute order and order of probation, it issued a "no contact" order directing that Cura was "**not to reside** within 2000 feet of any public or private school, or park where children regularly gather. **(PC3003.5(b))** Compliance within 30 days of hearing or release from custody, whichever is later, or as otherwise directed by Probation." Cura filed a timely notice of appeal.

## DISCUSSION

Cura argues, and the Attorney General agrees, that the probationary term directing compliance with the section 3003.5(b) residency restriction must be stricken because the statute applies only to parolees, not probationers. As we now discuss, we agree with the parties that the statutory residency restriction should be stricken as a term of probation.[2]

Proposition 83, known as the Sexual Predator Punishment and Control Act, enacted on November 7, 2006, was a "wide-ranging initiative intended to 'help

---

[2] Cura's "acceptance of the conditions of probation does not preclude him from challenging them on appeal: ' "[I]t is established that if a defendant accepts probation, he may seek relief from the restraint of an allegedly invalid condition of probation on appeal from the order granting probation." ' " (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1355, fn. 1.)

2

Californians better protect themselves, their children, and their communities'
([Proposition 83,] § 2, subd. (f)) from problems posed by sex offenders by
'strengthen[ing] and improv[ing] the laws that punish and control sexual offenders' (*id.*,
§ 31)." (*In re E.J.* (2010) 47 Cal.4th 1258, 1263 (*E.J.*).) "Among other revisions to the
Penal Code, Proposition 83 amended section 3003.5, a statute setting forth restrictions on
where certain sex offenders subject to the lifetime registration requirement of section 290
may reside." (*E.J., supra*, at p. 1263, fns. omitted; see § 290 [3].)

Appearing in part three, title one, chapter 8, article 1 of the Penal Code, entitled,
"Length of Term of Imprisonments and Paroles," section 3003.5 now reads:
"(a) Notwithstanding any other provision of law, when a person is released on parole
after having served a term of imprisonment in state prison for any offense for which
registration is required pursuant to Section 290, that person may not, during the period of
parole, reside in any single family dwelling with any other person also required to
register pursuant to Section 290, unless those persons are legally related by blood,
marriage, or adoption. For purposes of this section, 'single family dwelling' shall not
include a residential facility which serves six or fewer persons. [¶] (b) Notwithstanding
any other provision of law, it is unlawful for any person for whom registration is required
pursuant to Section 290 to reside within 2000 feet of any public or private school, or park
where children regularly gather. [¶] (c) Nothing in this section shall prohibit municipal
jurisdictions from enacting local ordinances that further restrict the residency of any
person for whom registration is required pursuant to Section 290." [4]

---

[3]     "Section 290 imposes upon individuals convicted of certain sex offenses a lifetime
requirement that they register with law enforcement in the communities in which they
reside." (*E.J., supra,* 47 Cal.4th at p. 1263, fn. 2.)

[4]     Before the enactment of Proposition 83 the statutory scheme restricted residences
of parolees convicted of molesting children under age 14 (§ 3003, subd. (g)), and
parolees required to register as sex offenders that sought to live together while under
parole supervision (§ 3003.5, [now] subd. (a)). Subdivision (g) of section 3003, currently
provides that "[n]otwithstanding any other law, an inmate who is released on parole for a
violation of Section 288 or 288.5 whom the Department of Corrections and
Rehabilitation determines poses a high risk to the public shall not be placed or reside, for

"As always, we begin with the canons of statutory construction." (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1154.)  We apply the "plain meaning rule" to statutory language in that "[w]ords used in a statute [are] . . . given the meaning they bear in ordinary use. [Citations.]  If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the . . . voters (in the case of a provision adopted by the voters)." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.)  "But the 'plain meaning' rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute.  The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible.  [Citation.]  Literal construction should not prevail if it is contrary to the [electorate's] intent apparent in the statute.  The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act.  [Citations.] . . . [E]ach sentence must be read not in isolation but in the light of the statutory scheme [citation]; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed." (*Id*. at p. 735.)  In other words, "[w]hen the language is susceptible of more than one reasonable interpretation, . . . we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part." (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1008.)

Applying the foregoing rules, it is apparent that subdivision (b) of section 3003.5, when read in isolation, can apply to all persons required to register as sex offenders,

---

the duration of his or her parole, within one-half mile of any public or private school including any and all of kindergarten and grades 1 to 12, inclusive."  Proposition 83's residency restriction "effectively expanded [section 3003, subdivision (g)]," to all parolees required to register as sex offenders, and "reduced the distance" such an offender could live from "within one-half mile" (§ 3003, subd. (g)) to "within 2000 feet of any public or private school, or park where children regularly gather" (§ 3003.5(b)).

whether they are parolees, probationers, or persons who have completed parole or probation. However, given the placement of the challenged statute in the parole section of the Penal Code, together with another provision restricting the residency of certain parolees (§ 3003.5, subd. (a)), we conclude the electorate's intent was that the residency restriction in subdivision (b) of section 3003.5 was to be limited to a "person" previously identified in subdivision (a) - "a person [who] is released on parole after having served a term of imprisonment in state prison for any offense for which registration is required pursuant to Section 290." Had the drafters of Proposition 83 intended to impose the residency requirement on all persons required to register under section 290, regardless of status, "it would have been a simple matter to have worded the [statutory] provision accordingly" (*People v. One 1937 Lincoln etc. Sedan* (1945) 26 Cal.2d 736, 738), and more reasonably placed it in the Sex Offender Registration Act (§ 290 et. seq.; see, e.g., § 290.85, subd. (a) [[e]very person released on probation or parole who is required to register as a sex offender, pursuant to Section 290, shall provide proof of registration to his or her probation officer or parole agent . . . .").

In sum, we conclude that because section 3003.5(b) applies only to parolees, the trial court erred in issuing a no contact order incorporating the statutory residency restriction as part of the terms and conditions of Cura's probation. Accordingly, we shall remand the matter with directions that the trial court strike the statutory residency restriction from both its oral pronouncement of sentence and its written minute order and order of probation.[5]

---

[5] Cura's appellate counsel has informed us that after Cura was placed on probation in this case, he was prosecuted and convicted of unrelated offenses in Tulare County and "apparently" sentenced to 22 years in state prison, consecutive to a term of 15 years to life. Cura's appeal of his Tulare County convictions is currently pending in the Fifth District Court of Appeal. In the event Cura's Tulare County convictions are reversed and he is reinstated on probation, our decision should not be read and we express no opinion on the following issues: (1) whether the trial court may reinstate as a term of probation a residency restriction that is "narrowly drawn to serve the important interests of public safety and rehabilitation, and . . . 'specifically tailored' " to Cura's situation (*People v. Smith* (2007) 152 Cal.App.4th 1245, 1250; see Pen. Code, § 1203.3), or (2) whether Cura,

**DISPOSITION**

The matter is remanded to the trial court with directions that (1) the following statement in the court's oral pronouncement of sentence shall be stricken — "There is a requirement not to reside within 2000 feet of any public or private school"; and (2) the following "no contact" order contained in the court's written minute order and order of probation shall be stricken — "Defendant is **not to reside** within 2000 feet of any public or private school, or park where children regularly gather.  **(PC3003.5(b))**  Compliance within 30 days of hearing or release from custody, whichever is later, or as otherwise directed by Probation".  In all other respects, the judgment is affirmed.

_____
Jenkins, J.

We concur:


_____
McGuiness, P. J.


_____
Pollak, J.

---

as a person subject to mandatory sexual offender registration, is required to comply with section 3003.5(b), as a valid condition of sex offender registration pursuant to section 290 et seq.  We note the latter issue may be resolved by our Supreme Court in *People v. Mosley* (2010) 188 Cal.App.4th 1090, rev. granted Jan. 26, 2011, S187965 [2011 Cal. Lexis 2354 * 1].)