[No. F021868. Fifth Dist. Nov. 15, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES EDWARD ANGELONI, Defendant and Appellant.

**COUNSEL**

Candace Hale, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Edgar A. Kerry and Jane A. Cardoza, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BUCKLEY, J.**—Convicted after jury trial of transportation and possession for sale of controlled substances,[2] defendant appeals from the judgment of conviction. Defendant's sole contention on appeal is that his criminal prosecution violated the proscriptions against double jeopardy in the United

---

[2]After prevailing on a motion to dismiss some counts and enhancements, defendant was ultimately convicted of transportation of methamphetamine (Health & Saf. Code, § 11379, count 1); possession of methamphetamine for sale (Health & Saf. Code, § 11378, counts 2

States and California Constitutions because of the government's prior non-judicial forfeiture of money seized from the vehicle that defendant drove at the time of his arrest. We will affirm.

## PROCEDURAL AND FACTUAL SUMMARY

The trial court denied defendant's pretrial motion to dismiss the charges on double jeopardy grounds. The statement of facts submitted in support of the motion revealed that police officers arrested defendant on August 24, 1992, after a traffic stop. Officers found controlled substances and $1,700 in the automobile defendant drove; a later search of defendant's house resulted in discovery of controlled substances. The money was transported to the police department and was later seized pursuant to asset forfeiture. Defendant was advised of the seizure and was given a copy of an asset forfeiture seizure form. The form informed defendant that the money had been seized in connection with a violation of sections 11378 and 11379 and that pursuant to section 11488.4, subdivision (j), procedures to forfeit the property without judicial proceedings had been initiated by the Kern County District Attorney's Office. The notice further informed the defendant that if he desired to contest the forfeiture, he had to file with the court a verified claim stating his interest in the seized property; otherwise, the property would be declared by the prosecutor's office to be forfeited to the state and would be disposed of pursuant to section 11489. At the hearing on the motion the prosecutor stated that defendant did not file a claim and that the forfeiture had become complete. Defendant concedes here that he never filed a claim.

## DISCUSSION

■ Defendant argues that because the nonjudicial forfeiture of his property was complete before institution of the criminal proceedings, subjecting him to trial on the charges in the instant case violated the proscriptions against double jeopardy in the United States and California Constitutions.[3] He is mistaken. At no point did jeopardy attach in the nonjudicial forfeiture proceeding.

■ Where there is no dispute as to the facts, whether the defendant was formerly in jeopardy is a question of law and not of fact. (*People v. Thomas*

and 5); possession of marijuana for sale (Health & Saf. Code, § 11359, count 3); and misdemeanor possession of marijuana (Health & Saf. Code, § 11360, count 4).

All statutory references are to the Health and Safety Code unless otherwise stated.

[3]The Fifth Amendment to the United States Constitution provides in pertinent part that no person should be subject for the same offense to be twice put in jeopardy of life or limb.

California Constitution, article I, section 15 provides in pertinent part that persons may not twice be put in jeopardy for the same offense.

(1994) 25 Cal.App.4th 921, 925 [31 Cal.Rptr.2d 170].) An accused must first suffer jeopardy before he or she can suffer double jeopardy. (*Serfass* v. *United States* (1975) 420 U.S. 377, 393 [43 L.Ed.2d 265, 277, 95 S.Ct. 1055]; *People* v. *Superior Court* (*Marks*) (1991) 1 Cal.4th 56, 64 [2 Cal.Rptr.2d 389, 820 P.2d 613].)

The double jeopardy clause "does not come into play until a proceeding begins before a trier 'having jurisdiction to try the question of the guilt or innocence of the accused.'" Without risk of a determination of guilt, jeopardy does not attach, and a further prosecution does not constitute double jeopardy. (*Serfass* v. *United States*, *supra*, 420 U.S. at pp. 391-392 [43 L.Ed.2d at p. 276].)

■ In California the prosecutor may institute formal judicial forfeiture proceedings or may engage in nonjudicial forfeiture pursuant to section 11488.4, subdivision (j).[4] The nonjudicial or administrative forfeiture proceeding created by subdivision (j) was enacted to permit forfeiture without court involvement. (*Nasir* v. *Sacramento County Off. of the Dist. Atty.* (1992) 11 Cal.App.4th 976, 983 [15 Cal.Rptr.2d 694].) The purpose of nonjudicial forfeiture is to save the government the time and expense of a judicial proceeding in cases where the value of the property seized is small. The nonjudicial forfeiture proceeding is terminated, however, if anyone duly submits a claim to the seized property in response to the notice of nonjudicial forfeiture. If such a claim is filed, the district attorney cannot pursue an administrative forfeiture but must initiate a judicial forfeiture proceeding. (*Id.* at pp. 983-984.)

There are federal forfeiture proceedings comparable to the California scheme. (*Nasir* v. *Sacramento County Off. of the Dist. Atty.*, *supra*, 11 Cal.App.4th 976, 983; *People* v. *Property Listed in Exhibit One* (1991) 227

---

[4]Section 11488.4, subdivision (j) provided in pertinent part as follows at the time of the seizure of property in the instant case:

"(j) The Attorney General or the district attorney of the county in which property is subject to forfeiture under Section 11470 may, pursuant to this subdivision, order forfeiture of personal property not exceeding one hundred thousand dollars ($100,000) in value. The Attorney General or district attorney shall provide notice of proceedings under this subdivision pursuant to subdivisions (c), excluding the provision relating to service of the complaint, (d), (e), and (f), including:

"  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(5) The instructions for filing a claim with the superior court pursuant to Section 11488.5 and time limits for filing a claim. If no claims are timely filed, the Attorney General or the district attorney shall prepare a written declaration of forfeiture of the subject property to the state and dispose of the property in accordance with Section 11489. A written declaration of forfeiture signed by the Attorney General or district attorney under this subdivision shall be deemed to provide good and sufficient title to the forfeited property." (Stats. 1990, ch. 1200, § 4, pp. 5008-5009.)

Cal.App.3d 1, 6, fn. 2 [277 Cal.Rptr. 672]; compare sections 11488.4 and 11470, subd. (f) with 19 U.S.C. §§ 1608 and 1609 and 21 U.S.C. § 881(a)(6).) Because the California statute is patterned after the federal statute, federal case law is instructive. (*People* v. *Property Listed in Exhibit One, supra,* 227 Cal.App.3d 1, 6, fn. 2.)

■ In *U.S.* v. *Penny* (7th Cir. 1995) 60 F.3d 1257, 1262, it was held that if one does not make a claim in a nonjudicial forfeiture proceeding or otherwise contest it, one does not become a party to the proceeding and does not suffer a risk of adjudication of guilt. Similarly, one who does not contest nonjudicial forfeiture is not placed in jeopardy by forfeiture of the assets. (See also *U.S.* v. *Torres* (7th Cir. 1994) 28 F.3d 1463, 1465-1466; *U.S.* v. *Baird* (3d Cir. 1995) 63 F.3d 1213, 1218; *U.S.* v. *Arreola-Ramos* (5th Cir. 1995) 60 F.3d 188, 192.)[5]

Because of their nature, administrative forfeiture proceedings do not involve the policies implicated by the proscription against double jeopardy. ■ Cases dealing with the attachment of jeopardy are based upon concerns with the finality of judgments, the minimization of harassing exposure to the harrowing experience of a criminal trial and the valued right to continue with a chosen jury. The double jeopardy prohibition is designed to prohibit the state from making repeated attempts to convict an individual for an alleged offense, thereby subjecting him or her to embarrassment, expense or ordeal and compelling him or her to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he or she may be found guilty. (*Bryan* v. *Superior Court* (1972) 7 Cal.3d 575, 581 [102 Cal.Rptr. 831, 498 P.2d 1079]; *Serfass* v. *United States, supra,* 420 U.S. 377, 387-388 [43 L.Ed.2d 265, 273-274].) ■ Here, there was no risk of adjudication of guilt in the forfeiture proceeding; indeed, the defendant was not even a party to the proceeding. Such a proceeding does not raise a risk of honing of strategies, rehearsing evidence, or subjecting the defendant to retrial and possible conviction more than once for the alleged offense. The constitutional policies underpinning the Fifth Amendment guarantee are not implicated before the point in the proceedings at which there is a risk of determination of guilt. (*Serfass* v. *United States, supra,* 420 U.S. at pp. 390-391 [43 L.Ed.2d at pp. 275-276].)

---

[5]By our citation of these cases, we do not necessariy accept the implication that if judicial forfeiture does occur, jeopardy attaches. A split of authority exists in the federal courts on this issue (see *U.S.* v. *Penny, supra,* 60 F.3d at p. 1262, fn. 3). As that issue is not before us, we reserve judgment for a later date should the occasion arise. The only purpose in their citation is to illuminate the significance of the defendandt's failure to make a claim of the assets.

## DISPOSITION

The judgment is affirmed.

Vartabedian, Acting P. J., and Harris, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 14, 1996.