[No. F018707. Fifth Dist. Aug. 4, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
$400, etc., Defendant;
DIONICIO RAMOS et al., Defendants and Appellants.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976(b), this opinion is certified for publication with the exception of parts I-C and II.

**COUNSEL**

Donnalee H. Huffman for Defendants and Appellants.

Edward R. Jagels, District Attorney, and Michael J. Yraceburn, Deputy District Attorney, for Plaintiff and Respondent.

**OPINION**

**THE COURT\*—**

### STATEMENT OF THE CASE AND PERTINENT FACTS

On May 21, 1992, Delano police officers seized several items of property in connection with an arrest for sale of cocaine. Seized were $400 and $42 in United States currency, $8,445.56 cash from a Bank of America account, and a 1990 Acura two-door sedan, vehicle identification No. JH4DA9460LS010441.

On May 27, 1992, apparently after receiving notice of forfeiture, appellants Jose Velasco and Sharely Rosete filed a verified claim opposing forfeiture of the $442 in cash. On the same date, appellant Fe Ramos filed a verified claim opposing forfeiture of the $8,445.56 seized from Bank of America as well as a joint verified claim with appellant[1] Dionicio Ramos opposing forfeiture of the 1990 Acura sedan. Fe Ramos and Dionicio Ramos were the registered and legal owners of the vehicle.

On July 8, 1992, the Kern County District Attorney (respondent herein) filed a complaint for forfeiture in Kern County Superior Court, invoking the

---

\*Before Best, P. J., Stone (W. A.), J., and Thaxter, J.

[1]All claimants are referred to herein collectively as "appellants" unless otherwise noted.

provisions of Health and Safety Code sections 11488.4 and 11488.5 with respect to each item of property seized. The complaint alleged the property had been used in connection with the sale, manufacture, and possession of cocaine, and each of the appellants knew or should have known this.

On July 30, 1992, appellants filed their unverified answer to the complaint, admitting the value of the property and the fact of seizure. All other allegations of the complaint were denied.

On August 11, 1992, respondent filed a motion to strike the answer and for judgment on the pleadings on the grounds that appellants had failed to verify their answer as required by Code of Civil Procedure section 446. Appellants filed their opposition to the motion and the matter was heard and submitted on August 31, 1992. The motion was granted on September 1, 1992. An order striking the answer and entering judgment of forfeiture was filed on September 15, 1992.

Appellants filed their timely notice of appeal on October 22, 1992.

### DISCUSSION

 Appellants contend the trial court abused its discretion in granting the motion to strike because the forfeiture statute requires only that the *claim* opposing forfeiture be verified; it does not require that the answer be verified. Respondent counters that verification is required by Code of Civil Procedure section 446.

Appellants also contend even if the answer should have been verified, it was an abuse of discretion not to grant leave to amend.

We disagree and affirm the judgment.

## I. VERIFICATION IS REQUIRED

### A. *The Statutory Scheme*

Health and Safety Code sections 11470-11489 set forth the provisions of state law which allow for the seizure and forfeiture of property used for, and proceeds traceable to, unlawful drug transactions. (*People* v. *Property Listed in Exhibit One* (1991) 227 Cal.App.3d 1, 5 [277 Cal.Rptr. 672]; *People* v. *Fifteen Thousand Two Hundred Seventeen Dollars* (1990) 218 Cal.App.3d

720, 723 [268 Cal.Rptr. 450].) The statute is comparable to the federal forfeiture scheme.[2] (21 U.S.C. § 881; *People* v. *Property Listed in Exhibit One, supra,* 227 Cal.App.3d 1, 6; *Nasir* v. *Sacramento County Off. of the Dist. Atty.* (1992) 11 Cal.App.4th 976, 983 [15 Cal.Rptr.2d 694].)

The statute provides for both judicial and nonjudicial forfeiture. Section 11488.4 of the Health and Safety Code allows the government to obtain forfeiture without judicial involvement when there is no objection and when the value of the property is small (under $100,000).

If an individual claiming an interest in property seized wishes to challenge the administrative forfeiture, he or she must file a verified claim with the superior court. (Health & Saf. Code, § 11488.5, subd. (a).) ▮▮ Once the claim is filed, nonjudicial forfeiture terminates and forfeiture can only be achieved through the judicial forfeiture procedure. (*People* v. *Property Listed in Exhibit One, supra,* 227 Cal.App.3d at pp. 6-7; *Nasir* v. *Sacramento County Off. of the Dist. Atty., supra,* 11 Cal.App.4th at pp. 983-984; Health & Saf. Code, § 11488.5, subd. (e).) Appellants filed their verified claims in May 1992.

After receiving appellants' verified claims, respondent filed a complaint in superior court, thereby initiating judicial forfeiture proceedings. Under the statute, appellants were required to answer the complaint within 30 days after service, which they did. The instant dispute arises because appellants failed to *verify* their answer.

B. *Code of Civil Procedure Section 446*

There is no express provision in the forfeiture statute requiring a verified answer. The statute expressly requires only that the *claim* be verified. However, Health and Safety Code section 11488.4, subdivision (i) provides that forfeiture proceedings are governed by the provisions of the Code of Civil Procedure unless otherwise inconsistent with the forfeiture statute.

Section 446 of the Code of Civil Procedure provides that when a state or county, "*or any officer of the state, or of any county thereof, . . . in his or her*

---

[2]Generally, pleadings are not verified in federal practice. (Fed. Rules Civ.Proc., rule 11; *Albert Dickinson Co.* v. *Mellos Peanut Co.* (7th Cir. 1950) 179 F.2d 265; *Federal Nat. Bank & Trust Co. of Shawnee* v. *Moon* (D.Okla. 1976) 412 F.Supp. 644.) We found no federal case addressing the issue raised by appellants.

*official capacity,*" (italics added) is the plaintiff in an action, the answer *must be verified,* unless the defendant is also a public official or the admission of the truth of the complaint might subject the answering defendant to a criminal prosecution. The Attorney General or the district attorney in a county are the only two individuals granted authority to initiate forfeiture proceedings. (See Health & Saf. Code, § 11488.1.) The Kern County District Attorney initiated this action in his official capacity as a public officer. Code of Civil Procedure section 446 requires that the answer to a complaint filed pursuant to Health and Safety Code section 11488.4 be verified.

Appellants argue Code of Civil Procedure section 446 does not apply because it would be "redundant and confusing" to require a verified answer after requiring a verified claim. We are not persuaded.

 The purpose of the statutorily mandated claim is different from that of the answer. The claim is intended to assert an interest in the property, confer standing to the claimant, and to terminate the administrative forfeiture procedure, thereby forcing judicial proceedings. The answer is filed in a judicial action and raises issues of fact for trial, places the allegations of the complaint at issue and raises any affirmative defenses. (Code Civ. Proc., § 590; 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 967, p. 400.) The purpose of verification is to assure good faith averments by the party. (*Frio v. Superior Court* (1988) 203 Cal.App.3d 1480, 1498 [250 Cal.Rptr. 819].) The purpose of either pleading, claim or answer, is well served by assuring the averments made in the context of a forfeiture proceeding are truthful. Requiring that the answer be verified is not inconsistent with the language of the statute or at cross-purposes with the statute's intent, which is to deprive drug dealers of the tools and profits of their illicit trade. (*People v. Superior Court (Clements)* (1988) 200 Cal.App.3d 491, 499 [246 Cal.Rptr. 122].)

In the absence of express language stating otherwise, an answer responding to a complaint filed by the Attorney General or a district attorney pursuant to Health and Safety Code section 11488.5, subdivision (e), must be verified, unless excepted, under Code of Civil Procedure section 446.

C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 1615.

## II. THERE IS NO ABUSE OF DISCRETION*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

Judgment affirmed.

---

*See footnote, *ante*, page 1615.