[No. A071897. First Dist., Div. Four. Oct. 1, 1996.]

THE PEOPLE, Plaintiff and Appellant, v.
OMAR SHANNDOAH, Defendant and Respondent.

1188

## COUNSEL

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Gerald E. Engler and Peggy S. Ruffra, Deputy Attorneys General, for Plaintiff and Appellant.

Traun & McKee and Julie A. Traun for Defendant and Respondent.

## OPINION

**POCHÉ, Acting P. J.**—The People appeal from an order dismissing an information charging defendant, Omar Shanndoah, with felony possession of heroin for sale (Health & Saf. Code, § 11351),[1] felony maintenance of a place for the sale and use of heroin (§ 11366), misdemeanor possession of marijuana (§ 11357, subd. (b)), and allegations that he suffered a prior conviction (Pen. Code, § 667, subds. (d) and (e)) and served a state prison term within five years (Pen. Code, § 667.5, subd. (b)).

The charges against defendant were brought as a consequence of a search of his residence made pursuant to a warrant on April 15, 1994. The People instituted administrative forfeiture proceedings against $3,618 in cash which was found in the residence and on defendant's person. (§ 11488.4, subd. (j).) Because defendant opposed the claim, the nonjudicial forfeiture was terminated and the People filed a petition for forfeiture of the currency. (§ 11488.4, subd. (j); *People* v. *Ten $500 etc. Traveler's Checks* (1993) 16 Cal.App.4th 475, 478 [20 Cal.Rptr.2d 128].)

Several months later defendant stipulated to the forfeiture by a written stipulation which provided in pertinent part: "7. That Respondent Property Subject to Disposition: $2,018.00 . . . U.S. CURRENCY, PLUS INTEREST

---

[1]Unless otherwise noted all subsequent statutory references are to the Health and Safety Code.

SINCE THE DATE OF DEPOSIT, be declared forfeited pursuant to the provisions of Health and Safety Code Section 11470 et seq. . . . [¶] 8. That Respondent Property Subject to Disposition: $1,600.00 . . . U.S. CURRENCY be released to Attorney Betsy Wolkin on behalf of Claimant OMAR SHANNDOAH." A judgment in accord with that stipulation was entered October 24, 1994.

## Discussion

In June of 1995 defendant moved to dismiss the information on the ground that forfeiture of the currency was a punishment which barred his criminal prosecution under the double jeopardy clause of the Fifth Amendment to the United States Constitution. The trial court concluded that under existing United States Supreme Court precedent as interpreted by the federal circuit courts, the forfeiture statute as applied here could be construed as operating "at least in part to 'punish' " defendant, and accordingly concluded double jeopardy principles required dismissal of the information. The People appeal from the order. (Pen. Code, § 1238, subd. (a)(1).)

In June of 1996 well after the trial court's ruling, the United States Supreme Court expressly addressed the question of how civil forfeiture proceedings interact with double jeopardy in *U.S.* v. *Ursery* (1996) 518 U.S. __ [135 L.Ed.2d 549, 116 S.Ct. 2135]. In that case the court was at pains to note that for over 50 years its cases consistently concluded that "*in rem* civil forfeiture is a remedial civil sanction, distinct from potentially punitive *in personam* civil penalties such as fines, and does not constitute a punishment under the Double Jeopardy Clause." (*Id.* at p. __ [135 L.Ed.2d at p. 562, 116 S.Ct. at p. 2142].) The court applied a two-prong test to civil forfeitures: 1) was the legislative intent that the forfeiture proceeding be civil or criminal?; 2) was the purpose or effect of the forfeiture proceeding so punitive that it could not be viewed as civil in nature? (*Id.* at p. __ [135 L.Ed.2d at pp. 567-568, 116 S.Ct. at p. 2147].) If a forfeiture is designated as civil by the Legislature and proceeds *in rem,* then there is a presumption it is not subject to double jeopardy unless the "clearest proof" indicates that an *in rem* civil forfeiture is so punitive in purpose or effect as to become equivalent to a criminal proceeding. (*Id.* at p. __, fn. 3 [135 L.Ed.2d at p. 569, 116 S.Ct. at p. 2148].)

The currency seized in this case was subject to forfeiture under section 11470, subdivision (f) which provides for forfeiture of "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate" violation of laws prohibiting the sale or possession for sale of controlled substances.

In applying its two-prong test the Supreme Court looked to what procedures were legislatively mandated to effect a forfeiture. The forfeiture provisions of section 11470 et seq. are generally comparable to those contained in the federal statutes. (*People* v. *$400* (1993) 17 Cal.App.4th 1615, 1619 [22 Cal.Rptr.2d 161].) The forfeiture prescribed by the Health and Safety Code is in rem—that is, it is an action against the property itself, as distinct from a criminal proceeding which is in personam. (*People* v. *One 1941 Chevrolet* Coupe (1951) 37 Cal.2d 283, 286 [231 P.2d 832]; *Baca* v. *Minier* (1991) 229 Cal.App.3d 1253, 1262 [280 Cal.Rptr. 810].) Indeed, because a defendant's participation in a Health and Safety Code forfeiture is purely voluntary, and his stake in its outcome is purely financial, we do not require the appointment of counsel for indigents in such proceedings. (*People* v. *$30,000 United States Currency* (1995) 35 Cal.App.4th 936, 942-944 [41 Cal.Rptr.2d 748].)

Absent a claim to the property being made, a forfeiture under the Health and Safety Code can be effected without judicial action in a purely administrative proceeding. (§ 11488.4, subd. (j).) An analogous provision under federal statute (19 U.S.C. § 1609) was cited by the Supreme Court as evidence of the civil nature of federal forfeiture. (*U.S.* v. *Ursery, supra,* 518 U.S. at p. __ [135 L.Ed.2d at pp. 567-568, 116 S.Ct. at p. 2147].)

In the event a claim is made, the administrative proceeding terminates and judicial proceedings must be instituted for the forfeiture to go forward. (§ 11488.5, subd. (a); *People* v. *$400, supra,* 17 Cal.App.4th at p. 1620.) In that judicial action California law (unlike federal law) requires proof beyond a reasonable doubt that the owner of the property knowingly consented to its improper use. (Compare § 11488.4, subd. (i) and § 11488.5, subd. (d) with 19 U.S.C. § 1615.) While it might be argued that this higher burden of proof is indicative of the criminal nature of the proceeding, we instead view it as consistent with an enhanced concern by California that the state seize only the private property of owners who to a certainty knew of its improper use.

This solicitude for the interests of innocent property owners has been expressed in statute. (§ 11469, subd. (j).)[2] Section 11469, which took effect in August 1994, not only establishes explicit guidelines for forfeiture, but stresses its remedial purpose of "removing the tools and profits from those engaged in the illicit drug trade. . . ." (§ 11469, subd. (j).)

---

[2]"Although civil forfeiture is intended to be remedial by removing the tools and profits from those engaged in the illicit drug trade, it can have harsh effects on property owners in some circumstances. Therefore, law enforcement shall seek to protect the interests of innocent property owners, guarantee adequate notice and due process to property owners, and ensure that forfeiture serves the remedial purpose of the law." (§ 11469, subd. (j).)

We conclude that the Health and Safety Code forfeiture statutes are, under the first prong of *Ursery*, civil rather than penal in nature. Nor are we persuaded that the presumption of their civil nature has been overcome by the "clearest proof" that a forfeiture under section 11470, subdivision (f) is "so punitive either in purpose or effect" as to render it the equivalent of a criminal proceeding. (*U.S.* v. *Ursery, supra*, 518 U.S. at p. ___, fn. 3 [135 L.Ed.2d at p. 569, 116 S.Ct. at p. 2148].)

Section 11470, subdivision (f), like one of the federal statutes involved in *Ursery* reaches three categories of items: (a) those "furnished or intended to be furnished" in exchange for controlled substances; (b) those "proceeds traceable" to such transactions; and (c) money "used or intended to be used to facilitate" a drug transaction. (See comparable language in 18 U.S.C. § 981(a)(1)(A).) In assessing the comparable federal statute the *Ursery* court noted that by acting to deter drug transactions or frustrate buyers and sellers by depriving them of profits from illegal activity, the statute serves important nonpunitive goals. (*U.S.* v. *Ursery, supra*, 518 U.S. at p. ___ [135 L.Ed.2d at pp. 569-570, 116 S.Ct. at p. 2148].) Defendant has failed to establish, much less to demonstrate by the clearest proof, that the Health and Safety Code forfeiture scheme is so punitive in purpose or effect as to be equivalent to a criminal proceeding. (Accord, *People* v. *$4,413 United States Currency* (1996) 47 Cal.App.4th 1631, 1634, 1638-1639 [55 Cal.Rptr.2d 831] [forfeiture under statutory scheme applicable to property seized prior to Jan. 1, 1994].)

Defendant maintains that the trial court's ruling did not properly evaluate the second prong of the *Ursery* test because it took place before *Ursery* was decided. He maintains that the trial court never reached the factual question of whether the forfeited currency "involved sums of an innocent source held for an innocent purpose." Thus, defendant argues that if the money was indeed neither drug proceeds nor intended to be used to facilitate a drug-related crime, the forfeiture is so punitive as to bar his subsequent criminal prosecution. He insists remand is necessary for a factual determination on the source of the currency and the purpose for which it was held. He does not argue that such a particularized factual inquiry is required under *Ursery*, and we need not reach that question given the posture of this case.

Defendant stipulated that the currency "be declared forfeited pursuant to the provisions of Health and Safety Code Section 11470 et seq." That stipulation, in effect, amounts to his concession that the currency came within one of the three categories described in section 11470, subdivision (f). He cannot now assert an innocent source or purpose for it, and because we have found the forfeiture scheme established by the Health and Safety

Code to be civil, the double jeopardy clause does not bar defendant's criminal prosecution.

## Disposition

The judgment of dismissal is reversed.

Reardon, J., and Hanlon, J., concurred.

A petition for a rehearing was denied October 31, 1996.