Filed 12/24/13  (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ADOLFO CUEVAS,<br><br>    Petitioner,<br><br>       v.<br><br>THE SUPERIOR COURT OF TULARE COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | F064886<br><br>(Super. Ct. No. VCF252111)<br><br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING**<br>[No Change in Judgment] |

**THE COURT:**

It is ordered that the opinion filed herein on December 5, 2013, be modified as follows:

1.  In the second full paragraph on page 16, after the sentence ending "or the Attorney General," add the following as footnote 8:

> **8**We do not hold that Officer Moreno, if the forfeiture decision had been made by an appropriate prosecuting agency, could not have properly served the notice of forfeiture on behalf of the prosecuting agency in the role of process server.  (See, e.g., Code Civ. Proc., § 414.10.)  Rather, his service of the notice of forfeiture was invalid because an appropriate prosecuting agency did not initiate it, and neither he nor the Tulare Police

Department had the authority to initiate the process or serve notice in their own right.

There is no change in the judgment.  The petition for rehearing filed by real party in interest is denied.

_____
PEÑA, J.

WE CONCUR:


_____
LEVY, Acting P.J.


_____
CORNELL, J.

2.

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ADOLFO CUEVAS,<br><br>        Petitioner,<br><br>                v.<br><br>THE SUPERIOR COURT OF TULARE COUNTY,<br><br>        Respondent;<br><br>THE PEOPLE,<br><br>        Real Party in Interest. | F064886<br><br>(Super. Ct. No. VCF252111)<br><br>**OPINION** |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Gary L. Paden, Judge.

Michael B. Sheltzer, Public Defender, Lisa J. Bertolino, Assistant Public Defender, Timothy B. Rote, Deputy Public Defender; and Matthew E. Baker for Petitioner.

No appearance for Respondent.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Leanne LeMon, and Lewis A. Martinez, Deputy Attorneys General, for Real Party in Interest.

-ooOoo-

## INTRODUCTION

This case concerns the law of asset forfeiture and, more particularly, the procedures regarding forfeiture of property connected with unlawful drug activity, as governed by sections 11470 through 11489 of the Health and Safety Code. The questions presented are (1) may a policing agency rather than a prosecuting agency initiate these forfeiture proceedings; and (2) is substantial compliance or something less than strict compliance with the notice requirements of the forfeiture statutes sufficient to lawfully uphold the forfeiture? Our answer to both questions is "no."

Petitioner Adolfo Cuevas filed a petition for writ of mandate asking this court to direct the Superior Court of Tulare County to vacate its order denying his motion to compel the return of personal property. The personal property sought is cash seized from him by Tulare police officers and purportedly forfeited to the state through nonjudicial administrative forfeiture proceedings. Generally, he contends (1) the forfeiture proceedings were invalid because they were initiated by the City of Tulare Police Department and not a proper prosecutorial agency; (2) because the notice of nonjudicial forfeiture proceedings was not served in compliance with the applicable statutes, the notice was defective in the first instance; and (3) the notice was facially invalid because it failed to provide the appraised value of his property, reflected an incorrect location of the property's seizure, and referenced a "forfeitable" offense despite the fact he was charged with a "nonforfeitable" offense. We will grant the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner and his friend Christian Romero-Aguirre borrowed the car of petitioner's cousin on February 10, 2011. Around 3:00 p.m., they were parked at a Tulare shopping mall when the car's alarm went off.

Three Tulare police officers responded to the scene and began questioning petitioner and Aguirre. While Sergeant Machado contacted petitioner's cousin to confirm ownership, Officers Hastings and Lopez conducted patdown searches of both men. The officers found approximately $7,014.37 in petitioner's pockets and $5,862.62 in

2.

Aguirre's pockets. With the assistance of a canine, an additional $3,990 was found in a space behind the car's dashboard, for a total of $16,866.99 discovered. The officers seized the money, photographed it, placed it in a plastic bag, and transported it to the police station, along with petitioner and Aguirre, for further investigation.

A second search of petitioner's wallet at the police station uncovered a folded five-dollar bill with trace amounts of methamphetamine (0.42 grams including packaging material). During four hours of interrogation, petitioner denied any knowledge of the methamphetamine. Regarding the cash found on his person, petitioner explained he had recently sold a Chevy Tahoe for $5,500 and the remainder of the money comprised his savings. He does not trust banks and regularly carries his savings with him when he is away from home.

At some point during the interrogation, another officer, Officer Moreno, gave petitioner a City of Tulare Police Department "Notice of Nonjudicial Forfeiture Proceedings" form he had prepared listing "$16,871.99" as having been seized at "260 S. M St.," the location of the police station, "due to violations of California Health and Safety Code Section(s) 11379 H & S."[1] The form warned:

> "Pursuant to … Section 11488.4, proceedings to forfeit this property administratively are underway. If you have a legal interest in this property, you <u>must</u>, within 30 days of your actual receipt of this notice, file a verified claim, stating the nature and extent of your interest with the Clerk of the Superior Court of the County of Tulare, Room 201, Visalia, California 93291. (Please use case number TG11–1144.) You must serve an endorsed copy of your claim on the District Attorney of Tulare County, Room 224, Courthouse, Visalia, California within 30 days of the filing the claim. A claim form is attached to this notice. Claim forms can be obtained from the Clerk of the Superior Court, Room 201, Courthouse, Visalia, California 93291.

---

[1] Further statutory references are to the Health and Safety Code, unless otherwise indicated.

Section 11379 makes it a crime to transport, import, sell, furnish, administer, or give away a controlled substance.

"If your claim is properly filed, the District Attorney will decide whether to file a Petition for Forfeiture with the Superior Court to contest your claim. If no claim is properly filed within the time allowed, the property will be ordered forfeited to the State to be disposed of according to law."

The Notice of Nonjudicial Forfeiture Proceedings form included a proof of personal service on petitioner and contained petitioner's signature acknowledging receipt.

The Tulare police department issued a single receipt in the names of petitioner and Aguirre for all amounts of money found, but petitioner signed the department's "Disclaimer of Ownership" form as to Aguirre's $3,990 and $5,862.62, declaring: "I am not the owner of this property; I have no interest in the property and have no claim for its return to me." Above his signature, the Disclaimer of Ownership form provided that petitioner was waiving his "right to notice of seizure of this property, and that I do not have a right to file a petition or claim for return of the property, since it is not mine."[2]

Petitioner did not file a claim.

On May 2, 2011, the Tulare County District Attorney charged petitioner with a single count of unlawful possession of a controlled substance under section 11377, subdivision (a).[3]

On June 23 and 30, 2011, and July 7, 2011, the district attorney placed a notice of nonjudicial forfeiture in the Visalia-Times Delta newspaper listing case No. TG11-1144. The advisement indicated police seized $16,871.99 from "260 S. M St." on February 10, 2011, "due to the violation of … section 11379."

On July 26, 2011, the Tulare County District Attorney's Office executed a declaration of nonjudicial forfeiture in case No. TG11-1144. The declaration described the property as "$16,871.99 in U.S. Currency" seized from the police department address

---

[2]All three forms received by petitioner were prepared by Tulare police officers on police department letterhead.

[3]Unlike section 11379, section 11377 is not a crime for which assets may be forfeited. (§ 11470, subd. (f).)

"in connection with violations of … Section 11379." The declaration added that "No claim was filed for the property within 30 days of actual notice served upon interested parties or 30 days from the date of first publication of the forfeiture as required. It is hereby declared that the property has been forfeited to the State of California pursuant to … Section 11488.4(j)."[4]

On November 8, 2011, petitioner filed a motion to suppress evidence, alleging he had been detained longer than necessary to determine he was lawfully in possession of his cousin's vehicle and that police lacked articulable grounds to transport him to the police station. (Pen. Code, § 1538.5.) The district attorney initially opposed the motion, but nevertheless moved to dismiss the case on December 9, 2011, before the motion was heard.

Petitioner filed a motion pursuant to Penal Code section 1538.5 on March 5, 2012, to compel the return of his personal property. He requested an order directing the return of his $7,014.37, driver's license, passport, cell phone, and watch. Petitioner's points and authorities argued the administrative forfeiture was "invalid in the first instance because it was initiated by the wrong party and failed to follow the statutorily mandated procedures for providing notice." (Capitalization omitted.) Petitioner also claimed the forfeiture was invalid because it was based on unconstitutionally discovered evidence and that the money was not linked to any narcotics activity. The district attorney opposed the motion as to the currency, describing it as a civil in rem matter not properly before the criminal court.[5] At a hearing on April 6, 2012, the trial court refused to hear argument on

---

[4]There is no indication the declaration was served on petitioner. Yet, subdivision (j) of section 11488.4 provides, in pertinent part, that the "prosecuting agency ordering forfeiture pursuant to this subdivision shall provide a copy of the declaration of forfeiture to any person listed in the receipt given at the time of seizure and to any person personally served notice of the forfeiture proceedings."

[5]The opposition stated that "[c]ivil asset forfeitures later commenced in Civil Court in regards to the monies seized, while criminal prosecution commenced in Criminal Court. The Civil Court ruled the monies to have been properly seized and forfeited." This statement is inaccurate and misleading. The forfeiture that occurred here was administrative in nature—it did

the motion and denied it because the money "was subject to a civil forfeiture proceeding." The trial court nevertheless ordered the return of petitioner's other personal property.

Petitioner subsequently filed a petition for writ of prohibition/mandate with the Appellate Division of the Superior Court of Tulare County. On May 24, 2012, a week after the writ was filed with this court, the appellate division concluded that because petitioner was charged with a felony and the motion to compel the return of property "was heard and determined by the trial judge assigned to those felony proceedings, [t]he Appellate Panel has no authority to review an order made by a superior court judge in a felony proceeding."

On May 17, 2012, petitioner filed the instant petition with this court. On July 11, 2012, we directed real party in interest to file an informal response to the petition. Accordingly, on July 30, 2012, the People filed a response. Petitioner replied thereto on August 14, 2012.

On October 18, 2012, this court issued an order to show cause directing respondent to show cause why the relief prayed for should not be granted, and granting leave to the People and petitioner to file a written return and reply to the return, respectively.

Thereafter, on November 29, 2012, the People filed their written return. On December 27, 2012, petitioner filed his reply to the written return.

## DISCUSSION

We begin our discussion with a brief recitation of the applicable law.

## I.    Applicable Law

> "A forfeiture proceeding is a civil in rem action in which property is considered the defendant, on the fiction that the property is the guilty party. [Citations.] Statutes imposing forfeitures are disfavored and are to be

---

not involve the court—because petitioner's property was forfeited pursuant to a declaration of nonjudicial forfeiture on July 26, 2011.

6.

"'strictly construed in favor of the persons against whom they are sought to be imposed." [Citation.]' [Citation.] [¶] A claimant has both a statutory and a California constitutional right to a jury trial on civil in rem forfeiture proceedings. [Citations.]" (*People v. Superior Court* (*Plascencia*) (2002) 103 Cal.App.4th 409, 418.)

"'… In order to satisfy due process requirements, the statute specifies three types of notice of the forfeiture proceedings. First, the person from whose possession the property was seized is entitled to service of the petition of forfeiture. [Citation.] Second, "any [other] person who has an interest in the seized property" is entitled to service of a notice of seizure and intended forfeiture along with instructions on filing a claim. [Citation.] And third, notice of forfeiture must be published once a week for three consecutive weeks in a newspaper of general circulation in the county of seizure. [Citation.]'" (*Nasir v. Sacramento County Off. of the Dist. Atty.* (1992) 11 Cal.App.4th 976, 982 (*Nasir*).)

Section 11488, subdivision (a) permits a peace officer, after making or attempting to make an arrest for certain enumerated violations including section 11379, to "seize any item subject to forfeiture under subdivisions (a) to (f), inclusive, of Section 11470." Subdivision (b) of section 11488 requires "Receipts for property seized pursuant to this section shall be delivered to any person out of whose possession such property was seized …." And subdivision (c) of this section provides a presumption "that the person to whom the receipt for property was issued is the owner thereof."

Section 11488.1 authorizes the seized property under section 11488 to be held for evidence. As to forfeiture proceedings, however, section 11488.1 directs "The Attorney General or the district attorney for the jurisdiction involved shall institute and maintain the proceedings."

Finally, section 11488.2 provides that "Within 15 days after the seizure, if the peace officer does not hold the property seized pursuant to Section 11488 for evidence or if the law enforcement agency for which the peace officer is employed does not refer the matter in writing for the institution of forfeiture proceedings by the Attorney General or the district attorney pursuant to 11488.1, the officer … shall return the property to the individual designated in the receipt therefor …."

7.

"The procedures for forfeiture are set forth in sections 11488.4 and 11488.5, and contemplate both a judicial and a nonjudicial forfeiture." (*Nasir*, *supra*, 11 Cal.App.4th at p. 983.) Section 11488.4, subdivision (a) authorizes "the Attorney General or district attorney" to initiate judicial proceedings by filing a civil complaint for forfeiture in the superior court. (*Nasir*, *supra*, at p. 983.) Meanwhile, "[s]ection 11488.4, subdivision (j), creates a procedure for forfeiture without judicial involvement which has become known as an 'administrative' forfeiture." (*Ibid*.) In this case, we are primarily concerned with administrative or nonjudicial forfeiture procedures.

Subdivision (j) of section 11488.4 provides as follows:

> "The Attorney General or the district attorney of the county in which property is subject to forfeiture under Section 11470 may, pursuant to this subdivision, order forfeiture of personal property not exceeding twenty-five thousand dollars ($25,000) in value. The Attorney General or district attorney shall provide notice of proceedings under this subdivision pursuant to subdivisions (c), (d), (e), and (f), including:

> "(1) A description of the property.

> "(2) The appraised value of the property.

> "(3) The date and place of seizure or location of any property not seized but subject to forfeiture.

> "(4) The violation of law alleged with respect to forfeiture of the property.

> "(5) The instructions for filing and serving a claim with the Attorney General or the district attorney pursuant to Section 11488.5 and time limits for filing a claim and claim form.

> "If no claims are timely filed, the Attorney General or the district attorney shall prepare a written declaration of forfeiture of the subject property to the state and dispose of the property in accordance with Section 11489. A written declaration of forfeiture signed by the Attorney General or district attorney under this subdivision shall be deemed to provide good and sufficient title to the forfeited property. The prosecuting agency ordering forfeiture pursuant to this subdivision shall provide a copy of the declaration of forfeiture to any person listed in the receipt given at the time of seizure and to any person personally served notice of the forfeiture proceedings.

8.

"If a claim is timely filed, then the Attorney General or district attorney shall file a petition of forfeiture pursuant to this section within 30 days of the receipt of the claim. The petition of forfeiture shall then proceed pursuant to other provisions of this chapter, except that no additional notice need be given and no additional claim need be filed."

The purpose of administrative forfeiture is "to save the government the time and expense of a judicial proceeding in cases where the value of the property seized is small." (*People v. Angeloni* (1995) 40 Cal.App.4th 1267, 1271, citing *Nasir*, *supra*, 11 Cal.App.4th at pp. 983-984.)

Subdivision (c) of section 11488.4 states:

"The Attorney General or district attorney shall make service of process regarding this petition upon every individual designated in a receipt issued for the property seized. In addition, the Attorney General or district attorney shall cause a notice of the seizure, if any, and of the intended forfeiture proceeding, as well as a notice stating that any interested party may file a verified claim with the superior court of the county in which the property was seized … to be served by personal delivery … upon any person who has an interest in the seized property …."

It is well settled that statutes imposing forfeitures are disfavored and, thus, those statutes are to be strictly construed in favor of the persons against whom they are sought to be imposed. (*People v. $10,153.38 in United States Currency* (2009) 179 Cal.App.4th 1520, 1525-1526; *People v. $28,500 United States Currency* (1996) 51 Cal.App.4th 447, 463.) "This disfavor applies 'notwithstanding the strong governmental interest in stemming illegal drug transactions.'" (*People v. $10,153.38 in United States Currency*, *supra*, at p. 1526, quoting *People v. Ten $500 etc. Traveler's Checks* (1993) 16 Cal.App.4th 475, 479.)

## II.     The Notice of Nonjudicial Forfeiture

Following his arrest in February 2011, petitioner was provided, among other things, with a document entitled Notice of Nonjudicial Forfeiture Proceedings. The document provided that on "2/10/11, at 260 S. M St, California," the sum of "$16,871.99" was seized by the Tulare police department in accordance with a violation of "Health and Safety Code Section(s) 11379…." The document advised that, pursuant

9.

to section "11488.4, proceedings to forfeit this property administratively are underway." Information regarding making a claim was provided, and the document referenced an attached claim form. The proof of service portion at the bottom of the document indicated that petitioner was personally served with the document by "R. Moreno #34." Petitioner's signature also appears at the bottom of the document, acknowledging its receipt. Lastly, a note concerning the document's distribution indicates the original of the document was to be forwarded to the "District Attorney's Office" and a copy was to be maintained by the police department; a copy was also to be provided to the "Interested Party."

## A. Initiation of Forfeiture Proceedings by a Peace Officer

Petitioner contends his property must be returned because the seizing agency and the prosecuting agency failed to comply with the forfeiture statutes. Specifically, he points out that only the Attorney General or the district attorney of the jurisdiction may initiate the forfeiture proceedings, whether the proceedings are judicial or nonjudicial. (*People v. $400* (1993) 17 Cal.App.4th 1615, 1620.) We agree with this contention.

Here, based on the purported notice provided to petitioner by the Tulare police department, he was told that pursuant to section "11488.4, proceedings to forfeit this property administratively are underway" and advising him he "<u>must</u>, within 30 days of … actual receipt of this notice, file a verified claim …." Clearly this matter was not referred to the prosecuting agency for the initiation of forfeiture proceedings as required by sections 11488.1 and 11488.2. Further, the purported forfeiture proceedings were not initiated by the Attorney General or the district attorney. We see this as fatal to the validity of the forfeiture process undertaken in this case. For example, in *People v. Superior Court (Plascencia)*, *supra*, 103 Cal.App.4th at page 419, the court held that under the judicial forfeiture requirements, "the Attorney General or district attorney … must file a petition of forfeiture in the superior court, within specified time limits, and must comply with various service and notice requirements."

10.

The People do not contend the Attorney General or the District Attorney of Tulare County initiated the forfeiture proceedings. Instead, the People attempt to place the burden on petitioner on the basis that his claim to his property was untimely and procedurally defective. We reject this contention as unsustainable.

A similar contention was made and rejected in *Nasir*, *supra*, 11 Cal.App.4th at pages 985-987. The court first noted the important constitutional and legal policies that come into play in forfeiture proceedings. It then held the law must be strictly construed in favor of the property owner and we "must require the district attorney to adhere rigidly to the procedural requisites for effecting an administrative forfeiture." (*Id.* at p. 986.) "Stated another way, we must reject the [People's] anomalous position that a claimant must rigidly comply with the statutory procedures but close is good enough for government work." (*Id.* at p. 987.)

The People acknowledge our statement in *People v. $400*, *supra*, 17 Cal.App.4th 1615 that "The Attorney General or the district attorney in a county are the only two individuals granted authority to initiate forfeiture proceedings." (*Id.* at p. 1620.) The People nonetheless argue "that the district attorney properly followed forfeiture procedures, in that nothing in the statutes specifically forbade a peace officer from giving notice of the proceedings …." The People also note this court's statement was made "in the context of determining whether an answer to a forfeiture complaint must be verified and not in the context of determining whether a police officer could properly give the initial notice of forfeiture." The People continue:

> "In *People v. One [1986] Toyota Pickup* (1995) 31 Cal.App.4th 254, 257, a law enforcement task force gave notice to the arrestees of seizure and of nonjudicial forfeiture proceedings. Nevertheless, neither the parties nor the Court raised this as an issue possibly barring forfeiture. Similarly, in *Baca v. Minier* (1991) 229 Cal.App.3d 1253, 1255, the claimant and his wife were personally served with notice of forfeiture the same day that the property in question was seized, raising at least an inference that the same law enforcement officers who seized the property also gave notice of the forfeiture. Again, this was not raised as an issue before this Court."

11.

First, in *Baca v. Minier*, *supra*, 229 Cal.App.3d 1253, the claimant and his wife were personally served with a notice of *seizure*, not a notice of forfeiture as contended by the People. (*Id.* at pp. 1255, 1265.) Second, simply because the issue was not raised in the cases cited does not mean the court has sanctioned a procedure that does not comply with the clearly stated statutory requirements. We address the People's arguments further under the discussion on service of the notice below.

**B.     Service by a Peace Officer**

Petitioner asserts that because Officer Moreno with the Tulare police department served the notice of nonjudicial forfeiture proceedings, as opposed to the Attorney General or district attorney, the notice was insufficient and invalid in the first instance. He contends the statute is not ambiguous and thus requires service by either the Attorney General or the district attorney. And because the forfeiture statutes are to be strictly construed, Officer Moreno could not properly serve the notice. The People assert petitioner had actual notice of the nonjudicial proceeding and because he failed to file a claim, he cannot properly challenge the forfeiture. They further contend that because the original notice was directed to the Tulare County District Attorney's Office, and the notice was then filed, its imprimatur is sufficient for purposes of service. The People also contend that nothing in the statute forbids a peace officer from giving the required notice.

We hold that, because forfeiture is disfavored and the relevant statutes are to be strictly construed in favor of the person against whom forfeiture is sought, notice must be provided by the Attorney General or the district attorney as expressly provided for in section 11488.4, subdivisions (c) and (j).

A police department, sheriff's office, or similar agency is a law enforcement agency. It does not prosecute crimes. On the other hand, the Attorney General and the various county district attorneys are tasked with prosecuting crimes. They are prosecuting agencies, and the relevant forfeiture statutes make this distinction. For example, in section 11469, the "seizing agencies" referenced throughout that statute are unambiguous references to law enforcement agencies. That language is distinguished

12.

from the unambiguous references to a "prosecuting agency" or "prosecutorial agency" as used in sections 11488.4 and 11488.5. Simply stated, a law enforcement agency is not a prosecuting agency.

The People generally contend the district attorney may delegate its duty of notice to the Tulare police department. Further, they assert that nothing in the statute forbids a peace officer from providing notice of nonjudicial forfeiture. As to the district attorney's authority to delegate duties in the forfeiture context, the People have provided no authority for this proposition. We note, however, that section 7 provides that "[w]henever a power is granted to, or a duty is imposed upon, a public officer, the power may be exercised or the duty may be performed by a deputy of the officer or by a person authorized, pursuant to law, by the officer, unless this code expressly provides otherwise." (See also Gov. Code, § 7 [same].) Therefore, the delegation of powers is appropriate within the same agency. However, because section 11488.4 expressly provides for service by the Attorney General or district attorney, those duties cannot be delegated. If the Legislature intended for the Attorney General or district attorney to delegate its duty to prosecute—even if only in the form of providing notice of initiation of nonjudicial or administrative forfeiture proceedings—it would have expressly provided for such a delegation. It did not do so. The People's contention that the statute does not forbid service by a peace officer ignores the well-settled principle that forfeiture statutes are to be strictly construed in favor of the persons against whom they are sought to be imposed. (*People v. $10,153.38 in United States Currency*, *supra*, 179 Cal.App.4th at pp. 1525-1526.) It is true the statute does not forbid service by a law enforcement agency. Yet, the relevant statutes expressly and unambiguously call for prosecuting agencies to perform these duties.

The People also contend the relevant policy considerations would not be offended by the delegation of duties it has suggested, nor would petitioner be prejudiced thereby. As noted by the court in *Nasir*, *supra*, 11 Cal.App.4th 976, "administrative forfeiture procedures serve important public interests" such as the conservation of judicial

13.

resources and reduction in court congestion, conservation of prosecutorial agency resources, reduction in the burden associated with storage and preservation of the property, and the avoidance of deterioration and depreciation of some types of property. (*Id.* at p. 985.) While we agree the policy considerations or public interest may not be offended by the district attorney's delegation of service or notice duties to a peace officer in the abstract, we find those considerations do not override the well-settled principle that forfeiture statutes are to be interpreted in favor of the party against whom the seizure is sought. (*People v. $10,153.38 in United States Currency*, *supra*, 179 Cal.App.4th at pp. 1525-1526.) With regard to the People's citation to Code of Civil Procedure section 475,[6] we find it inapplicable in this circumstance because forfeiture proceedings do affect the substantial rights of the person against whom forfeiture is sought. (*Nasir*, *supra*, at p. 991.)

We are mindful of the fact we have previously decided forfeiture cases wherein the notice of initiation of forfeiture proceedings was apparently served by a member of the involved law enforcement agency. (*People v. One 1986 Toyota Pickup*, *supra*, 31 Cal.App.4th at p. 257 [narcotics task force associated with Bakersfield police department "issued both claimant's cousin and the cousin's passenger receipts for seizure/personal notices of nonjudicial forfeiture proceedings"]; *Baca v. Minier*, *supra*, 229 Cal.App.3d at p. 1255 [appears that Madera County Sheriff's Department personally served notice of seizure]; but see *People v. Angeloni*, *supra*, 40 Cal.App.4th at p. 1270 [Kern County District Attorney initiated nonjudicial forfeiture proceedings]; *People v. Property Listed*

---

[6]That section provides as follows: "The court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties. No judgment, decision, or decree shall be reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall appear from the record that such error, ruling, instruction, or defect was prejudicial, and also that by reason of such error, ruling, instruction, or defect, the said party complaining or appealing sustained and suffered substantial injury, and that a different result would have been probable if such error, ruling, instruction, or defect had not occurred or existed. There shall be no presumption that error is prejudicial, or that injury was done if error is shown." (Code Civ. Proc., § 475.)

*in Exhibit One* (1991) 227 Cal.App.3d 1, 6 ["district attorney provides the requisite notice"].) Nevertheless, and significantly so, the issue of the propriety of notice has never been before us.[7]

Notably, however, in *People v. $400*, *supra*, 17 Cal.App.4th 1615, we considered whether a trial court abused its discretion by granting a motion to strike an answer to a forfeiture complaint where the forfeiture statutes require only a verified claim. (*Id.* at pp. 1617-1618.) In deciding that section 446 of the Code of Civil Procedure is applicable to forfeiture proceedings because it is not otherwise inconsistent with the forfeiture statutes, we stated the following: "The Attorney General or the district attorney in a county are the only two individuals granted authority to initiate forfeiture proceedings." (*People v. $400*, *supra*, at p. 1620.) We agree with our court's prior statement in this regard.

The People contend petitioner had actual notice of the nonjudicial forfeiture proceedings and, thus, the fact he failed to file a claim precludes relief. It does appear petitioner received actual notice of the nonjudicial forfeiture proceedings as his signature appears on that document acknowledging receipt of the notice and a copy of a claim form. Nonetheless, the defects in the notice and the procedure employed to give notice make this forfeiture proceeding invalid in the first instance. Thus, whether petitioner

---

[7]Neither does it appear this issue has been considered by another appellate court. A sampling of cases from other districts likewise indicates that, while the issue was not before those courts, the agencies giving notice of forfeiture proceedings varies as between a law enforcement agency or a prosecuting agency. (*People v. $25,000 United States Currency* (2005) 131 Cal.App.4th 127, 130 [district attorney's office issued receipt for seized currency "with notification that 'procedures to forfeit this property are underway'" (Ct. App., First Dist.)]; *People v. $10,153.38 in United States Currency*, *supra*, 179 Cal.App.4th at p. 1523 [following seizure of cocaine base, marijuana and currency, "the People served notice of the right to oppose forfeiture of the funds" (Ct. App., Second Dist.)]; *People v. $241,600 United States Currency* (1998) 67 Cal.App.4th 1100, 1107 [appears claimant may have been served with notice at time of his arrest by Blythe police officer (Ct. App., Fourth Dist.)].) The varying methods among the counties for giving notice of administrative forfeiture proceedings is also noted in Levenson, California Criminal Procedure (The Rutter Group 2012-2013) Postconviction Disabilities, section 32:27, pages 32-37 to 32-38.

filed a claim is not relevant to our determination here for there was no proper or valid forfeiture proceeding to which he could make a claim.

We agree with the *Nasir* court that "'the burden on the government to adhere to the procedural rules should be heavier than on claimants. Forfeitures are not favored in the law; strict compliance with the letter of the law by those seeking forfeiture must be required.' (*U.S. v. $38,000.00 in U.S. Currency* [(11th Cir. 1987)] 816 F.2d [1538,] 1547, and cases cited there.)" (*Nasir*, *supra*, 11 Cal.App.4th at p. 986.)

In sum, because the forfeiture statutes must be strictly construed in favor of petitioner here, we hold the notice of nonjudicial forfeiture proceedings initiated by Officer Moreno of the Tulare police department was invalid. The statute unambiguously requires service and notice by the Tulare County District Attorney or his deputies, or the Attorney General. But even if we were to overlook this requirement, as urged by the People, the notice contained other fatal flaws.

**C.    The Notice's Facial Deficiencies**

Petitioner additionally contends the notice of nonjudicial forfeiture proceedings is facially deficient because it fails to identify the property seized from and belonging to him; namely, the sum of $7,014.37. Next, he maintains the location or place of seizure is incorrect. Last, petitioner asserts that because the publication contained those same defects, and did not reference the same violation of law he was alleged to have committed in the related criminal complaint, the notice is defective.

*1.    Identity of the property seized*

Subdivision (j)(2) of section 11488.4 requires the Attorney General or district attorney to include the "appraised value of the property" in its notice of proceedings. Here, the notice reflects the "total approximate value of the property is $16,871.99." However, on the same date the notice was prepared by Officer Moreno, a disclaimer of ownership document was also completed by petitioner. That document provides that Aguirre owns the other property seized on February 10, 2011, to wit: $3,990 in United States currency and $5,862.63 in United States currency. The disclaimer form expressly

16.

provides petitioner is "not the owner" of the property and he has "no interest" and "no claim" in it. Petitioner acknowledged he was waiving his right to notice of seizure as to that property and thus he had no right to "file a petition or claim for return of the property."

Because petitioner disclaimed ownership of the *other* currency seized on February 10, 2011 ($9,852.62), we find the notice and its reference to a total sum of $16,871.99 is defective. In *Nasir*, *supra*, 11 Cal.App.4th 976, the court determined that a notice lacking any reference to the value of the property was defective. It noted the requirement regarding appraised value served to establish the property fell within the jurisdictional limits of administrative forfeiture and served to "aid the potential claimant in determining whether it is worthwhile to pursue a claim or to hire counsel to make a claim." (*Id.* at p. 987.) While the instant notice is not utterly lacking in value as was the case in *Nasir*, it is inaccurate and misleading. The receipt provided by the Tulare police department plainly identified the sum seized from petitioner to be $7,014.37. Notably, too, the language of the notice of nonjudicial forfeiture is singular in its reference to any party making a claim. As a result, where petitioner expressly disclaimed ownership of the other currency at the same time, the notice's reference to the sum of $16,871.99 is a defect. And technical defects are to be construed in a claimant's favor. (*Nasir*, *supra*, 11 Cal.App.4th at p. 988.)

The People's arguments to the contrary are not persuasive. Providing only the entire amount seized is an ambiguity that can impede a potential claimant, particularly if he be among more than one, from identifying the proceeding in which he might claim an interest. This is even more true where a claimant has expressly disclaimed ownership to a portion of the monies seized and has waived any right to notice and the right to claim ownership of that property.

## 2. *Location of the seizure*

Petitioner next contends the notice of nonjudicial forfeiture incorrectly identifies the place of seizure. He notes the seizure occurred at the Tulare Outlet Center when he was originally contacted by members of the Tulare police department.

Subdivision (j)(3) of section 11488.4 requires the "place of seizure" must appear on the notice of proceedings. Here, the notice provides that the property was seized at "260 S. M St, California." That address is associated with the police department. Yet, the various police reports appended to the People's written return reveal the money was in fact seized at 1511 Retherford Street, or in front of the PacSun retail store at the Preferred Outlets in Tulare. It is clear the seizure of petitioner's property occurred prior to his arrival at the police department, therefore, the place of seizure could not have been 260 South M Street in Tulare, California. Thus, the notice is defective in this regard and should be construed in petitioner's favor. (*Nasir*, *supra*, 11 Cal.App.4th at p. 988.)

We are not moved by the People's argument that "the notice was specific enough." Like the *Nasir* court, "we are neither inclined nor permitted to accord the administrative forfeiture statute what Justice Holmes, in a different context, called 'a little play in its joints.' [Citation.]" (*Nasir*, *supra*, 11 Cal.App.4th at p. 987.)

## 3. *Notice by publication*

Petitioner also alleges that because the value of the property and the location of the seizure are incorrect, the publication including this same information is defective.

Subdivision (e) of section 11488.4 provides that when "a forfeiture action is filed, the notices shall be published once a week for three successive weeks in a newspaper of general circulation in the county where the seizure was made or where the property subject to forfeiture is located."

Here, the publication notice read as follows:

> "Case No. TG11-1144. On February 10, 2011, in the City of Tulare,
> California, at 260 S. M St., officers of the Tulare Police Department seized
> the following property for forfeiture due to the violation of … section

18.

11379. The total value of the property is $16,871.99. The seized property is described as $16,871.99 in U.S. currency."

Because we have already determined the notice of nonjudicial forfeiture proceeding was defective as to the identity of the property seized and the location of the seizure, the publication that includes the same information is likewise defective.

### 4. Offense alleged

Subdivision (j)(4) of section 11488.4 requires the notice of nonjudicial forfeiture proceedings include "[t]he violation of law alleged with respect to forfeiture of the property."

Here, the notice was completed by a peace officer rather than a prosecutor. Hence, the notice only references the violation of the law that permitted *seizure* by the law enforcement officer, section 11379. The notice did not allege a violation with respect to *forfeiture*. Because a law enforcement agency is not a prosecuting agency, it does not "allege" violations of law in the context intended by the statute.

Moreover, when the complaint of the Tulare County District Attorney was filed on May 2, 2011, it alleged petitioner had committed a violation of section 11377, subdivision (a), or possession of methamphetamine. However, possession of a controlled substance under section 11377 is *not* an offense listed in the forfeiture statutes. (§ 11470, subd. (f) [identifying offenses permitting forfeiture].)

Because the notice of nonjudicial forfeiture proceedings references a violation of the Health and Safety Code that permitted *seizure* by a law enforcement agency, rather than a criminal allegation that permitted *forfeiture* by a prosecuting agency, the notice and publication were defective in this regard as well.

## III. Our Conclusion

We hold the forfeiture statutes require the initiation of forfeiture proceedings, and particularly notice and service of the notice, by a prosecuting agency—namely, the Attorney General or the district attorney—versus a law enforcement agency. Here then,

19.

because the notice of nonjudicial forfeiture proceedings was initiated by a member of the Tulare police department, the forfeiture proceeding was invalid in the first instance.

Moreover, the notice of nonjudicial forfeiture proceedings contained defects in the form of the identity of the property seized and the location of seizure. The property was not properly identified as $7,014.37 in United States currency and the location of the seizure occurred where petitioner first encountered members of the Tulare police department rather than at its administrative offices.

The facial defects above also appeared in the notice of publication, as did another defect: Instead of alleging a violation with respect to forfeiture, the publication referenced a violation of law that permitted seizure. The Tulare police department seized the currency pursuant to section 11379, but petitioner was alleged to have violated section 11377, an offense for which the forfeiture of property is unavailable.

Therefore, for the reasons explained above, we will grant the petition for writ of mandate.

## IV.    The Remedy

Having concluded the administrative forfeiture proceeding was invalid in the first instance, we turn to the appropriate remedy available to petitioner.

Petitioner asks this court to direct the lower court to vacate its order of April 6, 2012, denying his motion to compel the return of his property, and to "make a new and different order granting said motion."

Subdivision (g) of section 11488.4 provides the following:

> "Nothing contained in this chapter shall preclude a person, other than a defendant, claiming an interest in property actually seized from moving for a return of property if that person can show standing by proving an interest in the property not assigned subsequent to the seizure or filing of the forfeiture petition."

Here, petitioner is not a defendant in a criminal proceeding. The criminal complaint was dismissed on the People's motion in December 2011 prior to petitioner's motion being filed in March 2012. Thus, petitioner is a person claiming an interest in property actually

20.

seized. There is no question as to petitioner's standing and his motion should have been considered in its totality. In other words, the trial court should have considered whether to return to petitioner the $7,014.37 in currency. Moreover, there had been no prior judicial proceeding regarding the money seized.

In *Baca v. Minier*, *supra*, 229 Cal.App.3d 1253, this court considered whether the superior court had in rem jurisdiction of Baca's property. Baca's property was seized on two different dates. He filed claims to the property, as well as a motion to return the property. There was a question with regard to the timeliness of his claims. Thereafter, the district attorney filed a petition for forfeiture in the superior court and simultaneously sought to continue the forfeiture hearing pending the outcome of the criminal case against Baca. The request was granted. Later, however, the district attorney filed declarations of forfeiture pursuant to the administrative or nonjudicial forfeiture statute. Baca's subsequent petition for writ of mandate seeking to quash the district attorney's nonjudicial forfeiture was denied, and he appealed. (*Id*. at pp. 1255-1256.) In denying the petition for writ of mandate, the superior court concluded it lacked in rem jurisdiction because the property had been administratively forfeited. (*Id*. at p. 1257.) We determined in *Baca* that the superior court did have jurisdiction over the property or res because it had been released improperly. (*Id.* at pp. 1262-1266.)

Although not procedurally on all fours with *Baca*, a similar finding regarding the superior court's jurisdiction is just and proper here. The superior court has jurisdiction to consider petitioner's motion for the return of the currency. As we noted in *Baca*, "[a] contrary result would permit the district attorney to file a [declaration] of forfeiture—claiming the notice requirements have been met without actually adhering to them (as is the case here)—and the defendant would be without recourse in the superior court" to recover the seized property. (*Baca v. Minier*, *supra*, 229 Cal.App.3d at p. 1266.) When property is administratively forfeited, title transfers from the owner of the property to the state. And in *Baca* we held that "[t]ransfer of title would thus insulate the district attorney and deny a defendant due process of law." (*Ibid*.) Such is the case here. The

district attorney's office should not be insulated from its series of errors, and as a result of those errors, the property at issue has been effectively removed from the court's control. Because the res was released improperly, the superior court has jurisdiction to consider petitioner's claim to the currency. Any other outcome would leave a claimant without recourse and would serve to deny the claimant due process of law.

### DISPOSITION

The petition for writ of mandate is granted. Let a writ of mandate issue directing the trial court to vacate its order denying petitioner's motion to compel return of his currency and set the matter for a new hearing on petitioner's motion to compel return of his personal property.

_____

PEÑA, J.

WE CONCUR:

_____

LEVY, Acting P.J.

_____

CORNELL, J.